## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01936-STV

**TIMOTHY JAMES COATES;**
**GENE CLAPS;**
**MARK MITCHELL;** and
**KEVIN CURRIER**

        Plaintiffs,

v.

**THE ADAMS COUNTY SHERIFF'S OFFICE**, a governmental entity;
**RICHARD A. REIGENBORN**, in his official and individual capacity

        Defendants.

_____

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT
_____

Plaintiffs' Motion for Partial Summary Judgment [ECF 51] does not request entry of judgment on either of their two claims asserted under 42 U.S.C. § 1983. Instead, they invoke Fed. R. Civ. P. 56(a) primarily to resolve the nature of their separation from employment as Adams County Sheriff's deputies, which they contend was an involuntary discharge—whether actual or constructive. Defendants maintain, however, the Plaintiffs resigned. This, at least, is a contested factual issue.[1] Further, with respect to the Plaintiffs' Fourteenth Amendment claim, their constructive discharge theory is legally irrelevant. Defendants acknowledge that Sheriff Richard A. Reigenborn, in his individual capacity, was acting under color of law when he sent notices

---

[1] Defendants have filed a separate motion for summary judgment on all of Plaintiffs' claims raising various legal arguments. [ECF 53.] That motion does not require the resolution of this disputed factual issue.

pursuant to the Deputies Statute, Colo. Rev. Stat. § 30-10-506, which can be addressed under Fed. R. Civ. P. 56(g). But neither the Sheriff in his official capacity nor the Sheriff's Department are proper defendants in this action. As such, Defendants respectfully request the Court deny the Plaintiffs' partial motion for summary judgment under Fed. R. Civ. P. 56(a).

## FACTUAL BACKGROUND

As the Defendants' response to the Plaintiff's Separate Statement of Facts hopefully makes clear, the parties largely agree as to the chronology of the events in this case. Where they largely disagree is in the characterization and significance of those facts, as well as the inferences drawn therefrom. In addition, Plaintiff's Separate Statement of Facts omits certain contextual facts regarding the Sheriff's issuance of Section 506 notices to the Plaintiffs. For present purposes, two disconnects are worth highlighting.

First, despite the Plaintiffs' characterization, each of the Plaintiffs chose to resign at their respective in-person meetings with the Sheriff. Before those meetings, Sheriff Reigenborn issued each plaintiff a notice of *intent* to revoke their appointment under Section 506. (Resp. to UDF Nos. 22 & 23, Exs. 10-13.) But a Section 506 notice is not a final action. The statute contemplates an opportunity to be heard at which a final decision will be made. Each of the four plaintiffs received such a hearing. (Resp. to UDF Nos. 36, 38, 39 & 44.) The Sheriff testified it was at least possible that each of them might have used to hearing as an opportunity to persuade the Sheriff to let them keep their jobs although in a different role. (Doc. 53, Ex. F, S. Reigenborn Tr. at 179:2-181:7; 183:14-184:23.) The Sheriff's statement of his own intent is uncontroverted by any admissible evidence. But, shortly into each meeting, each Plaintiff chose to resign as the transcripts reveal. (Resp. to UDF Nos. 40, 47, 56, 6 & Doc. 53, Exs. 18-23.) As part of their decision to resign, each

Plaintiff retained their Law Enforcement Officers Safety Act status and their employment paperwork reflects retirement, not termination. (Resp. to UDF No. 64.) Plaintiffs, moreover, consulted with an attorney prior to the meeting. (Resp. at UDF Nos. 58 & 61.) At the meeting with the Sheriff, Plaintiffs were offered severance, but they eventually declined it. (Resp. to UDF No. 69 & 74.) Although Plaintiffs had to submit their notices of resignation by the following day, they all went on paid leave until January 31st. (Resp. to UDF No. 67.)

Second, the context surrounding Sheriff Richard A. Reigenborn's transmission of notices pursuant to the Deputies Statute, Colo. Rev. Stat. § 30-10-506, rebuts the inferences Plaintiffs draw therefrom regarding the inevitability of their termination and the political motivation therefore. It is undisputed that in addition to plaintiffs' notices, at least 5 other notices were sent at the same time by Sheriff Reigenborn to other deputies. (Resp. to UDF No. 14, Doc. 53, Ex. F, S. Reigenborn Tr. at 179:6-8, 180:4-12; Doc. 53, Ex. M at Rog. Resp. No. 7.) Not all deputies who received such a notice were terminated or resigned. (*Id.*) Even former supporters of Sheriff McIntosh were retained despite receiving the same Rule 506 notice. (Resp. to UDF No. 23, Doc. 53, Ex. F, S. Reigenborn Tr. at 15:14-24.) And at least one vocal supporter of Sheriff McIntosh did not receive a Rule 506 notice at all. (Resp. to UDF No. 14.)

## ARGUMENT

Summary judgment under Fed. R. Civ. P. 56(a) is only appropriate if the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Henderson v. Inter—Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994); *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, No. 17-cv-00029-STV, 2019 U.S. Dist. LEXIS 99867, *10 (D. Colo. June 12, 2019). If, however, a party files a motion for summary judgment, and the court does not grant

all the relief, subdivision (g) applies. Under subdivision (g), the Court "may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."

In evaluating the Plaintiffs' attempt to establish a subsidiary element of their claims, the Court must decide whether any genuine issues of material fact are in dispute and, if not, whether the law entitles the moving party to relief. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 527-28 (10th Cir. 1994). Where presented with cross-motions for summary judgment, the Court "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 907 (10th Cir. 2016) (quotations omitted)

"[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quotation omitted). "Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury." *Sonrisa Holding, LLC*, 2019 U.S. Dist. LEXIS 99867, at *10-11 (citations omitted). "A fact is 'material' if it pertains to an element of a claim or defense; a factual dispute is 'genuine' if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party." *Id.* at *11. The Court must construe the facts in the record in the light most favorable to the party opposing summary judgment. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312-14 (10th Cir. 2010). Characterizations and arguments of counsel are not evidence. *See Patel v. Hall*, 849 F.3d 970, 978-79 (10th Cir. 2017). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge[.]" *See Stinnett v. Safeway, Inc.*, 337 F.3d

1213, 1216 (10th Cir. 2003). Only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," is there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## I.    ALL FOUR PLAINTIFFS RESIGNED RATHER THAN FACE POTENTIAL TERMINATION.

The evidence is undisputed that all four plaintiffs chose to resign during their in-person meetings rather than face potential termination. Three of the plaintiffs followed up with written notices of termination. Their employer treated it as a resignation, offered them severance (which they declined) and allowed them to maintain their Law Enforcement Officers Safety Act status— all befitting employees who retired. Plaintiffs may argue they chose resignation because it was preferable to what they perceived to be inevitable termination. That each Plaintiff deemed termination to be inevitable, however, does not mean it was. But even assuming termination was inevitable (the evidence on this point is disputed), constructive discharge is not actual discharge. Plaintiffs' assertion that "any reasonable person in Plaintiffs' position *after* the January 15, 2019 termination meetings would believe their employment had ended" (PMSJ at 8 (emphasis added)) is true only because the Plaintiffs resigned *at the* meeting. Other similarly-situated deputies who received identical notices and had their in-person meetings with Sheriff Reigenborn did not resign and did not end up being terminated.

Plaintiffs chose to resign. Plaintiffs received an offer for additional financial benefit for resigning. Plaintiffs specifically negotiated the preservation of their LEOSA status, which incongruously they now claim was "not material." (PMSJ at 9.) It was evidently material enough for each of them to request it. And in any event, materiality is ordinarily a jury question. *See*, *e.g.*, *SEC v. C. Jones & Co.*, 312 F. Supp. 2d 1375, 1379 (D. Colo. 2004). The Tenth Circuit, moreover,

has viewed the offer of a payment as part of resignation as a factor in establishing the voluntariness of a resignation. *See*, *e.g.*, *Lenz v. Dewey*, 64 F.3d 547, 552 (10th 1995) ("Mr. Lenz was given a choice of resignation with stock payment or without, there is no evidence that he did not comprehend his choice, the board and Mr. Lenz negotiated the terms of his Severance Agreement for a month-and-a-half, and he chose to resign on June 21, 1991. We therefore conclude that Mr. Lenz resigned voluntarily."). None of the cases cited by plaintiffs involve an employee receiving additional benefits and the offer of further financial benefits in consequence of choosing to resign. *Accord*, *e.g.*, *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909, 912 (Ill. 1988) (finding that a resignation in lieu of termination "*[a]t most* . . . offer[ed] plaintiff a way to save face" and "keep her resume clear of a discharge" but did not amount to an "actual opportunity to continue her employment" because "she would have been fired in any event.") (emphasis added); *see also Quinn v. City of Bel Aire*, No. 05-1373-JTM, 2007 U.S. Dist. LEXIS 13630 *26-27 (D. Kan. Feb. 26, 2007) (distinguishing *Hinthorn* where the plaintiff "was given the opportunity to discuss the proposed resignation and actively negotiated with the city, obtaining benefits which the city did not originally plan to grant").

Nor do plaintiffs provide any support that "constructive" discharge is subsumed within "actual" termination at a linguistic, logical, or jurisprudential level. *Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-CV-00720-NYW, 2017 WL 5900361, at *11 (D. Colo. Nov. 30, 2017), is not to the contrary. (*See* Mot. at 9, n.2.) There the court was evaluating a jury verdict for irreconcilable inconsistency under Fed. R. Civ. P. 59(a)(1)(A). Under that deferential standard, "the court has an obligation to reconcile inconsistent verdicts," if at all possible. *Id.* at 29, *citing Jarvis v. Commercial Union Assur. Co.*, 823 F.2d 392 (10th Cir. 1987); *cf. id.* at 395 ("when only

cacophony reigns, the verdicts must be set aside"). At issue were two special interrogatories–

Questions 3 and 4–asking first: "Did defendant actually discharge the plaintiff[,]" and then "Did

defendant constructively discharge the plaintiff[.]" *Romero*, 2017 WL 5900361 at *27. The

questions were not phrased disjunctively or exclusively. Given the phrasing, the district court

concluded that a positive answer to both questions could be reconciled under the Rule 59 standard

at a higher level of generality: that the plaintiff "did not voluntarily leave his [] position." *Id.* at

*30-31. In the process, however, the court acknowledged that "the legal theory of constructive

discharge requires, among other things, that the employee opted to resign." *Id.* at *29. "The court

likewise acknowledge[d] that, when viewed within the context of the legal theory of constructive

discharge, the jury's response in the affirmative as to Question 3 directly conflicts with its response

in the affirmative as to Question 4." *Id.* "The court also acknowledge[d] that the jury's finding that

Plaintiff was constructively discharged is in direct conflict with [the Plaintiff]'s consistent position

that he did not quit or resign." *Id.* At summary judgment, a plaintiff must advance a legally

cognizable claim. The Rule 59 standard does not apply here to save plaintiffs' otherwise non-

cognizable claims.

## II.    THE EVIDENCE IS NOT UNDISPUTED AS TO WHETHER PLAINTIFFS WERE CONSTRUCTIVELY DISCHARGED.

Defendants acknowledge constructive discharge is a potentially available theory under for

a First Amendment claim. *See, e.g.*, *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75-76

(1990). The evidence in this case, however, is not undisputed as to whether plaintiffs were

constructively discharged.

"A constructive discharge occurs only when an employer, through unlawful acts, makes

working conditions so intolerable that a reasonable person in the employee's position would feel

forced to resign." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004) (quotation omitted). The court "evaluate[s] the voluntariness of an employee's resignation under an objective, totality of the circumstances standard." *Id.* "The conditions of employment must be objectively intolerable; the 'plaintiff's subjective views of the situation are irrelevant.'" *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998) (*quoting Yearous v. Niobrara Cty. Mem'l Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997)). A plaintiff's burden in establishing constructive discharge is "substantial." *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980 (10th Cir. 2008).

A "[p]laintiff must show that, at the time of his resignation, his employer did not allow him the opportunity to make a free choice regarding his employment relationship." *Exum*, 389 F.3d at 1135. "In contrast, a plaintiff who voluntarily resigns cannot claim that he or she was constructively discharged." *Id.* Merely, "requiring an employee to choose between resignation and termination is not necessarily a constructive discharge, unless the employee's decision is, for some reason, involuntary." *Id.* "A choice between resignation or termination does not establish that the resignation was involuntary, unless the employer lacked good cause to believe that there were grounds for termination." *Parker v. Bd. of Regents of Tulsa Junior Coll.*, 981 F.2d 1159, 1162 (10th Cir. 1992); *see also Lighton v. Univ. of Utah*, 209 F.3d 1213, 1222 (10th Cir. 2000).

In this case, it is undisputed, Sheriff Reigenborn issued each plaintiff a notice of intent to potentially revoke their appointment under Section 506. A Section 506 notice, however, is not a final action. The statute contemplates an opportunity to be heard at which time a final decision will be made. All four plaintiffs received such a hearing at which time they chose to resign. It is also undisputed that in addition to plaintiffs' notices, an additional 7 notices were sent at the same time

by Sheriff Reigenborn to other deputies. Not all deputies who received such a notice were terminated or resigned.

Sheriff Reigenborn testified that at the time he sent the Rule 506 letters it was possible that each Plaintiff might have remained employed by the Adams County Sheriff's department, albeit perhaps in a different role. The evidence of the Sheriff's intent is not only uncontroverted by any admissible evidence—the plaintiffs' subjective and speculative views being both irrelevant and inadmissible—but is corroborated by the undisputed fact that not every recipient of Rule 506 letter lost his job. Even if the Sheriff's intent had been adequately contested by evidence, it would raise a credibility and weight issue that should go to the jury. By choosing to resign before Sheriff Reigenborn could render his final decision or fully conduct the in-person discussions, plaintiffs cannot now establish as a matter of undisputed fact what Sheriff Reigenborn would have done under different circumstances. At most, a jury must evaluate the credibility of the Sheriff's explanation for his decisions. *See also McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998) ("Summary judgment is not ordinarily appropriate for settling issues of intent or motivation . . . . However, in this case, [the plaintiff] has not shown that at the time of his termination there was any dispute or a genuine issue concerning the sincerity of defendants' proffered reason for his termination."). In any event, plaintiffs are not entitled to summary judgment on an issue bound up with the sincerity of the Sheriff's intent or motivation.

## III. CONSTRUCTIVE DISCHARGE IS NOT AN AVAILABLE THEORY FOR PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM.

As argued in Section III.A of Defendants' motion for summary judgment, constructive discharge of at-will employees is not a theory available for a purely procedural claim. *See*, *e.g.*, *Yearous v. Niobrara County Mem. Hosp. by & Through Bd. of Trustees*, 128 F.3d 1351, 1355-58

(10th Cir. 1997) (plaintiffs could not maintain a constructive discharge claim under the Fourteenth Amendment where they voluntarily resigned and declined a reinstatement hearing); *Robinson v. Robinson*, No. 05-cv-01433-REB-PAC, 2006 WL 726296, at *2 (D. Colo. Mar. 20, 2006) (granting summary judgment in favor of defendant because deputy sheriff could not show a procedural due process violation where he resigned from his position), *rev'd and remanded on other grounds*, 226 F. App'x 805 (10th Cir. 2007). Stated positively, a constructive discharge claim in a procedural due process case is only available where there is a compounding violation. *See Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1986) ("Constructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to forced discharge to avoid affording pretermination hearing procedures."); *accord Bailey v. Kirk*, 777 F.2d 567, 579-80 (10th Cir. 1985) (recognizing constructive discharge claim for harassment and false accusations where plaintiff exercised his right to a hearing regarding his demotion).

No such compounding violation is at issue in this case. Plaintiffs were afforded their hearing under Section 506. *See McLallen v. Taylor*, No. 10-cv-01187-RPM, 2012 U.S. Dist. LEXIS 18588, at *9 (D. Colo. Feb. 15, 2012) (providing a deputy with a "face to face meeting to explain his conduct" was sufficient to meet both the notice and opportunity to be heard requirements of Section 506). They were not subjected to harassment for doing so. As such, constructive discharge is not a theory available to these plaintiffs in light of their resignations.

## IV. ONLY SHERIFF REIGENBORN IN HIS INDIVIDUAL CAPACITY ACTED UNDER COLOR OF STATE LAW WHEN EXERCISING HIS STATUTORY POWERS UNDER COLO. REV. STAT. § 30-10-506.

As set forth in Section I of Defendants' motion for summary judgment, only Sheriff Reigenborn in his individual capacity is a proper defendant in this action. In that capacity only,

Defendants concede Sheriff Reigenborn acted under color of state law when exercising his statutory powers under Colo. Rev. Stat. § 30-10-506. *Lontine v. Van Cleave*, 483 F.2d 966, 968 (10th Cir. 1973) (suspension of Adams County deputy under predecessor to Section 506 was done under color of state law).

That is not the case, however, for the Sheriff in his official capacity. *Bristol v. Bd. of County Comm'rs of Clear Creek*, 312 F.3d 1213, 1221 (10th Cir. 2002) (suspending deputy does not set official policy), *superseded in part by 2006 amendment to Colo. Rev. Stat. § 30-10-506*; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). Nor can it be the case for the Sheriff's "office," which is not a juridical entity subject to suit. *See*, *e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished); *Gash v. City & County of Denver*, No. 12-cv-00929-REB-MJW, 2012 U.S. Dist. LEXIS 119572, *2-3 (D. Colo. Aug. 23, 2012); *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991); *Boren v. City of Colo. Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985). And the Board of County Commissioners cannot limit or exercise any authority under color of state law with respect to the Sheriff's exclusive statutory authority. *Goodwin v. Debekker*, 716 F. Supp. 1363, 1365 (D. Colo. 1989) ("the Board of County Commissioners of a non-home rule county cannot, by language in a personnel manual, supersede the sheriff's statutory authority to hire and fire 'at his pleasure.'"). Only Sheriff Reigenborn in his individual capacity, therefore, acted under color of state law when exercising his statutory powers under Colo. Rev. Stat. § 30-10-506.

## CONCLUSION

Plaintiffs have not sustained a legally cognizable argument with undisputed facts as to the

nature of the Plaintiffs' separation from employment, whether actual or constructive discharge. Constructive discharge is not, moreover, available for the Plaintiffs' Due Process claims. The Sheriff in his individual capacity concedes he was acting under color of state law when exercising his statutory powers under Colo. Rev. Stat. § 30-10-506. And only Sheriff Reigenborn in his individual capacity is a proper defendant in this action. The Court should deny the Plaintiffs' motion for partial summary judgment.

DATED:  December 20, 2021.          Respectfully submitted,


*s/Michael A.  Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org

*Counsel  for Defendants*
*The Adams County Sheriff's Office,*
*and Richard A. Reigenborn*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>*s/Michael A.  Sink*</u>
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org

*Counsel  for Defendants*
*The Adams County Sheriff's Office,*
*and Richard A. Reigenborn*