IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-1936-STV

TIMOTHY JAMES COATES, GENE CLAPS, MARK MITCHELL, and KEVIN CURRIER

Plaintiffs,

v.

RICHARD A. REIGENBORN, in his official and individual capacities

Defendants.

**Plaintiffs' Motion for Order Certifying Interlocutory Appeal as Frivolous**

Plaintiffs move this Court for an order certifying, after a hearing, that the appeal Defendant Richard Reigenborn noticed in his individual and official capacities on October 6, 2022, ECF No. 72, is frivolous. Defendants oppose the relief sought herein.

Reigenborn purports to appeal—in both his individual and official capacities—portions of the Court's September 28, 2022 interlocutory order denying him summary judgment in his official capacity with respect to Plaintiffs' First Amendment retaliation claims against him. The appeal is frivolous because it is plainly an interlocutory appeal for which there is no appellate jurisdiction.

First, Reigenborn prevailed in his individual capacity, and thus is not aggrieved by the court's order in his individual capacity and cannot appeal it in that capacity.

Second, the court of appeals lacks jurisdiction to hear Reigenborn's appeal in either his individual or official capacity because the court's denial of summary judgment is not a final, appealable order under 28 U.S.C. § 1291. The order does not resolve all claims by all parties, and it does not involve a denial of qualified immunity. The Supreme Court firmly foreclosed

interlocutory appeals under precisely the same circumstances as here, where a county appeals from a denial of summary judgment on the grounds that the sheriff was not its policymaker. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 41-43 (1995).

Third, the legal theory pursued Reigenborn for the first time on appeal—*i.e.*, that his individual-capacity qualified immunity extends to the official-capacity claims—was never raised in Defendant's motion for summary judgment and is therefore waived on appeal.

Fourth, the mere fact that Reigenborn presumably would testify as a fact witness at a trial on Plaintiffs' municipal liability claims does not implicate his qualified immunity, any argument to the contrary is baseless.

## Legal Standard

The filing of a notice of appeal from a district court order denying qualified immunity that is "clearly proper under *Mitchell* [*v. Forsyth*]," 472 U.S. 511, and is thus "within the collateral order exception . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990).

Because "the district court is divested of jurisdiction to proceed to trial by the filing of a notice of interlocutory appeal raising a . . . qualified immunity issue, there is the risk that such interlocutory appeals will be subject to abuse." *Id.* at 576. And "[p]roceedings masquerading as *[Mitchell v.] Forsyth* appeals but in fact not presenting genuine claims of immunity create still further problems." *Id.* at 577 (10th Cir. 1990) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989)).

However, "Courts are not helpless in the face of manipulation." *Id.* The Tenth Circuit has held that a district court may retain jurisdiction "if the district court (1) after a hearing and, (2)

for substantial reasons given, (3) f[inds] the claim to be frivolous." *Id.* at 576 (*quoting United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982)); *see also id.* at 577 ("it is the district court's *certification* of the defendant's appeal as frivolous or forfeited rather than merely the *fact* that the appeal is frivolous which allows the district court to retain jurisdiction to conduct a trial") (emphasis added).

"An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted).

Once "the district court has determined the defendant's appeal to be frivolous," then "the defendant must seek a stay from the court of appeals to prevent the trial from proceeding" S*tewart*, 915 F.2d at 577.

## Argument

### I. Reigenborn cannot appeal the court's order in his individual capacity because he is not aggrieved by it in that capacity.

Reigenborn's notice of appeal states that he is appealing "in his official and individual capacity." ECF No. 72. But Reigenborn cannot appeal the court's order in his individual capacity because he prevailed in that capacity. "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). "The rule is one of federal appellate practice . . . derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts . . . ." *Id.*

Reigenborn obtained all the relief he sought from the court in his individual capacity: The court granted summary judgment in favor of Reigenborn in his individual capacity based on qualified immunity. ECF No. 71, at 42. Thus, in his individual capacity, "he prevailed fully

3

below and the district court's judgment did not leave open the possibility of future litigation" against him in his individual capacity. *Myers v. Koopman*, 738 F.3d 1190, 1196 n.6 (10th Cir. 2013). Because Reigenborn no longer "retains a stake in the appeal" in his individual capacity, there is no jurisdictional basis for his individual-capacity appeal. *Roper*, 445 U.S. at 334.

## II. The appeal lacks jurisdiction because the court's order is not a final order, and the collateral order doctrine does not apply.

Reigenborn's appeal of the court's interlocutory order denying summary judgement to an official-capacity defendant does not satisfy the finality requirement of 28 U.S.C. § 1291, and the collateral order doctrine does not apply.

### a. The court's order denying Reigenborn summary judgment in his official capacity is not an appealable final order.

The court's order denying summary judgment to Reigenborn in his official capacity is not an appealable final order within the meaning of § 1291. It is "well settled" that the court of appeals "can only address the underlying merits of a lawsuit if the requirements for appellate jurisdiction outlined in 28 U.S.C. § 1291 are satisfied." *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 80 F.3d 421, 425 (10th Cir. 1996). "Under § 1291 [the court of appeals] has jurisdiction only over 'final' decisions of the district court." *Id.* "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

The court's order denying summary judgment to Reigenborn in his official capacity is an interlocutory order that leaves the merits of Plaintiff's claims to be tried. As such, it is plainly not final within the meaning of § 1291. *See Duda v. Elder*, 7 F.4th 899, 909 (10th Cir. 2021)

("Orders denying summary judgment are ordinarily not appealable final [decisions] for purposes of . . . § 1291.") (quoting *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)).

### b. The collateral order doctrine does not apply, because Reigenborn did not— and could not—assert qualified immunity in his official capacity.

The collateral order doctrine is a "narrow" exception to the ordinary finality rule, under which the Supreme Court has permitted immediate appeal of a "small class" of orders that is "narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006). An order is collaterally appealable only if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) will be effectively unreviewable on appeal from the final judgment. *Johnson v. Jones*, 515 U.S. 304, 310 (1995). "The conditions are 'stringent.'" *Will*, 546 U.S. at 350.

The court's summary judgment order is not among the "small class" of orders which prior cases have permitted to be appealed collaterally. Orders denying qualified immunity or other immunity from suit are among those that the Supreme Court has held are collaterally appealable. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But the court's order *granted* Reigenborn qualified immunity in his individual capacity.

In any case, because a municipal or official-capacity defendant "is not entitled to qualified immunity," it "cannot invoke the collateral order doctrine to justify appeal of an otherwise nonappealable decision." *Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995); *see also Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) ("The denial of summary judgment to a municipal defendant on a *Monell* claim is therefore no different from the denial of any ordinary motion for summary judgment, and so is not immediately appealable.").

### c. Appellate jurisdiction is firmly foreclosed by *Swint*

The Supreme Court's decision in *Swint* makes plain that the appeal is frivolous. There, a county defendant appealed from a district court order denying it summary judgment on § 1983 claims against it, arguing that the district court erred in determining that the sheriff was a policymaker for the county. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995). The Court held that "the order denying the county commission's summary judgment motion was not an appealable collateral order" because the county's "assertion that [a] Sheriff . . . is not its policymaker does not rank, under our decisions, as an immunity from suit" and "may be reviewed effectively on appeal from final judgment." *Id.* at 43. The same is true here.

Plaintiffs' official-capacity claims were, as the court correctly held, municipal liability claims. And as *Swint* makes clear, "[t]he answer" to whether a municipal defendant can immediately appeal when a district court denies it summary judgment on § 1983 claims "is a firm 'No.'" 514 U.S. at 41. This case is no exception.

### III. Reigenborn's theory that his qualified immunity extends to the municipal liability claims was not raised on summary judgment is therefore waived.

Since it is clear that the appeal is a frivolous interlocutory appeal, Reigenborn has come up with a new legal theory to attempt to manufacture jurisdiction for it: that there can be no municipal liability based on the actions taken by final municipal policymaker if the official is granted qualified immunity in their individual capacity because the law was not clearly established. But this argument was never presented to the court on summary judgment and is therefore waived on appeal.

In the summary judgment proceedings before the court, Plaintiffs asserted municipal-liability claims against Reigenborn in his official capacity, which Defendants conceded were the legal equivalent of claims against the County, as well as separate individual-liability claims

6

against Reigenborn in his individual capacity. ECF No. 71, at 30-31. Defendants sought summary judgment on various grounds, including that "Adams County . . . is a separate legal entity" and "does not control the employment decisions of the Sheriff's office"; that Plaintiffs had not asserted a valid *Monell* claim; and that Reigenborn was entitled to qualified immunity on the individual-capacity claims. ECF No. 53, at 7, 5. However, Defendants did not argue that Reigenborn's individual immunity extended to the municipal claims against the County.

The court denied Reigenborn's motion for summary judgment on the municipal claims, concluding that Plaintiffs' claims had properly been brought against the County "by naming Sherriff Reigenborn in his official capacity." The court further reasoned that, as "the final policymaker for the County on personnel matters for the County" at the sheriff's office, Reigenborn's "employment decisions [were] chargeable as an official act of the County," and could be the basis for municipal liability. ECF No. 71, at 34.

Now, for the first time on appeal, Reigenborn contends that the County is entitled to a species of qualified immunity on the municipal claims. Reigenborn argues that Plaintiffs' municipal liability claims must be dismissed because permitting them to go to trial would somehow circumvent his qualified immunity and have the same practical effect as denying qualified immunity. This legal theory is not only novel and unsupported by any precedent but it was also never raised to the court on summary judgment. Defendants never suggested to the court that qualified immunity—an affirmative defense that Reigenborn explicitly asserted only in his individual capacity—had any relevance or connection to Plaintiff's municipal liability claims against the County, let alone that qualified immunity provided a basis to dismiss the municipal liability claims.

7

But "[i]mmunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded." *Yellen v. Cooper*, 828 F.2d 1471, 1476 n.1 (10th Cir. 1987). And "[a]rguments that were not raised below are waived for purposes of appeal." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013). Indeed, the Tenth Circuit has held that it is "clear" that it lacks jurisdiction to hear an interlocutory appeal of a qualified immunity claim that was neither presented to nor decided by the district court. *Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018). So too here: Because the Defendants' municipal qualified immunity claim was neither presented to nor decided by the court on summary judgment, the court of appeals lacks jurisdiction over their interlocutory appeal.

### IV. That Reigenborn may be called as a fact witness at a trial on the official-capacity claims does not 'effectively deny' him qualified immunity.

Although Reigenborn was granted qualified immunity in his individual capacity, he now asserts, for the first time on appeal, that permitting the official-capacity claims to proceed would 'effectively deny' him qualified immunity, because he would be called as a fact witness at trial. But qualified immunity does not encompass the right of an official to refuse to participate as a fact witness at a trial against the municipality. Reigenborn has not provided any support for such a sweeping proposition—and none exists.

Only cases involving either outright denial of qualified immunity, or "declining or refusing to rule on a . . . defense of qualified immunity" are immediately appealable under *Mitchell v. Forsyth*. *Carswell v. Camp*, 37 F.4th 1062, 1065 (citation and quotation omitted). But here the court *granted* qualified immunity to Reigenborn in his individual capacity. And the court could not have dismissed any municipal defendant based on qualified immunity, not only because doing so would be error, but because Defendants never made that argument to the court in the first place.

Moreover, the Supreme Court has explained the "entitlement not to stand trial" encompassed by qualified immunity is "an entitlement not to be forced to litigate"—*i.e.*, to be a *party* to a case—not a broad right to avoid testifying as a non-party fact witness in a trial against a separate municipal defendant. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 2816 (1985).

As the Tenth Circuit has noted, it is not unusual for municipal liability claims to proceed even where the individual official in question has been granted qualified immunity. To the contrary, "there is nothing anomalous about allowing such a suit [against the municipality] to proceed when immunity shields the individual defendant." *Dill v. City of Edmond*, 155 F.3d 1193, 1212 (10th Cir. 1998) (quotation marks omitted); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 697 (10th Cir. 1988) ("[T]here is no inherent inconsistency in allowing a suit alleging an unconstitutional policy or custom to proceed against the [municipality] when the [officials] have been relieved from individual liability.").

The possibility that an official could still have to participate in a trial as a non-party fact witness does not at all implicate the same interests as qualified immunity, which protects officials from being forced to litigate a suit against them "personally" as the "party in interest." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And the fact that Reigenborn would be called to explain his own decision-making does not alter that conclusion. Indeed, "[o]nce those officials who have the power to make official policy on a particular issue have been identified, it is for the jury to determine whether *their* decisions have caused the deprivation of rights at issue" by the municipality. *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (emphasis in original).

Neither can the county piggyback on Reigenborn's qualified immunity or otherwise claim qualified immunity by proxy. "The *only* immunities that can be claimed in an official-

capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess . . . ." *Graham*, 473 U.S. at 167 (emphasis added); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (municipal defendants "are not entitled to the traditional common law immunities for § 1983 claims").

Consider the hypothetical case where Plaintiffs asserted *only* municipal liability claims against the county. In such a case, Reigenborn, as a non-party, would have no plausible basis to invoke qualified immunity as a basis to refuse to *testify* in the case against the county, even if the claims involved his conduct. And, likewise, the county would have no basis for asserting Reigenborn's individual qualified immunity as a basis for dismissing the otherwise valid municipal liability claims against it.

To hold otherwise would greatly expand the scope of qualified immunity and in many cases preclude municipal liability for constitutional violations. Defendants' appeal essentially requires that the court of appeals, without any basis whatsoever, extend the protections of qualified immunity to municipal defendants. As a consequence, "many victims of municipal malfeasance would be left remediless" and "the injustice of such a result should not be tolerated." *Owen v. Independence*, 445 U.S. 622, 651 (1980).

## Conclusion

Of course, Defendants need not prevail on the merits of their appeal to succeed on other objectives. As the Tenth Circuit recognized, appellants unfortunately "may help themselves to postponement by lodging a notice of appeal." *Stewart*, 915 F.2d at 577 (quotation omitted). But this Court need not tolerate this kind of abuse, which "can cause harm" not just by delaying justice to plaintiffs, but by "mak[ing] it more difficult for trial judges to do their basic job— supervising trial proceedings" and through "delay, adding costs and diminishing coherence."

10

*Johnson v. Jones*, 515 U.S. 304, 309 (1995). For the foregoing reasons, Plaintiffs respectfully request that this Court set a hearing and issue an order certifying Reigenborn's interlocutory appeal as frivolous.

    Respectfully Submitted,

    RATHOD | MOHAMEDBHAI LLC

    /s Felipe Bohnet-Gomez
    Felipe Bohnet-Gomez
    Iris Halpern
    Siddhartha Rathod
    2701 Lawrence St., Suite 100
    Denver, CO 80205
    (303) 578-4400
    fbg@rmlawyers.com
    ih@rmlawyers.com
    sr@rmlawyers.com

    *Attorneys for Plaintiffs*