IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-1936-STV

TIMOTHY JAMES COATES, GENE CLAPS, MARK MITCHELL, and KEVIN CURRIER

Plaintiffs,

v.

RICHARD A. REIGENBORN, in his official and individual capacities

Defendants.

**Plaintiffs' Motion for an Order Extending the Time for Plaintiffs' Cross-Appeal Under 28 U.S.C. § 2107(c)**

Plaintiffs move this Court for an order extending the time for Plaintiffs to file a cross-appeal for a period of 14 days from the date of entry of the order, pursuant to 28 U.S.C. § 2107(c). Defendants oppose the relief sought herein.

**Procedural Background**

On September 28, the court issued an order granting summary judgment to Reigenborn in his individual capacity but denying summary judgment to Reigenborn in his official capacity on Plaintiff's First Amendment retaliation claims. ECF No. 71.

On October 6, 2022, Defendant Reigenborn—in both his individual and official capacities—submitted a notice of appeal, purporting to appeal from portions of the Court's summary judgment order denying summary judgment on Plaintiffs' official-capacity claims. ECF No. 72.

The notice of appeal was docketed in the court of appeals on October 11, 2022. ECF No. 74.

On October 20, 2022, Plaintiffs filed a motion to dismiss the appeal for lack of appellate jurisdiction in the court of appeals. Reigenborn responded to the motion on November 3, 2022, and Plaintiffs filed a Reply on November 10, 2022. The court of appeals referred Plaintiffs' motion to dismiss to a panel of judges, and it remains pending before the court.

## Legal Standard

As relevant here, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the . . . order appealed from." Fed. R. App. P. 4(a)(1)(A). A notice of appeal for a party's cross-appeal must be filed either "within 14 days after the date when the first notice [of appeal] was filed" or "within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Fed. R. App. P. 4(a)(3).

Under, however, "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c); *accord* Fed. R. App. P. 4(a)(5)(A).

Such extension of time is limited to "14 days after the date when the order granting the motion is entered." Fed. R. App. P. 4(a)(5)(C); *but see Hamer v. Neighborhood Hous. Servs.,* ___ U.S. ___, 138 S. Ct. 13, 22 (2017) (holding that Rule 4(a)(5)(C)'s time constraint is not jurisdictional).

## Argument

### I.   This motion is timely.

This motion is timely under § 2107(c) because it is filed "not later than 30 days after the expiration of the time otherwise set for bringing appeal." The time for bringing appeal is set by Fed. R. App. P. 4(a)(1)(A), and is in this case 30 days after the court's summary judgment order,

2

which was entered on September 28, 2022. The "time otherwise set for bringing appeal" was therefore October 28, 2022. "30 days after" that time is November 28, 2022.

**II.     Good cause for the extension exists.**

Good cause exists for the extension because of the unprecedented nature of Reigenborn's appeal. As set forth in Plaintiff's motion to certify the appeal as frivolous, ECF No. 79, the appeal is plainly interlocutory, and rests on novel legal theories that were never raised on summary judgment. In particular, the appeal is apparently premised in large part on the argument that Reigenborn's qualified immunity extends somehow to Plaintiffs' municipal claims against the county, because Reigenborn would be a witness at a trial on the municipal claims. However, this argument—which, again was not made in Defendants' motion for summary judgment—was articulated for the first time in Reigenborn's November 3, 2022 response to Plaintiffs' motion to dismiss the appeal. As noted above, the deadline to file a cross appeal was October 28, 2022, and had already passed at that point.

That the appeal was premised on Reigenborn's qualified immunity was unexpected, to say the least. The court, after all, granted Reigenborn qualified immunity. And, as argued in Plaintiff's motion to certify the appeal as frivolous, there is no basis for Reigenborn's theory on appeal. Decades of settled § 1983 law distinguish between official and individual capacity claims clear and make clear that qualified immunity applies to individual capacity claims only. As such, when Reigenborn's notice of appeal identified the portion of the court's order denying summary judgment on the official-capacity claims, Plaintiffs could not have guessed that the portion of the court's order *granting* qualified immunity would be implicated, too.

Given that Reigenborn's appeal of the municipal liability claims relies on the fact that the court has granted him qualified immunity, in order to fully contest the appeal, Plaintiffs must

3

also take appeal from the portion of the court's summary judgment order granting Reigenborn qualified immunity. One of the many arguments Plaintiffs must be able to make to the court of appeals is that it should affirm the court's refusal to grant summary judgment on the official-capacity claims because, in fact, Reigenborn is not entitled to qualified immunity in his individual capacity at all. In other words, that Reigenborn's argument fails even on its own terms.  But because such an argument would require the court of appeals to modify the court's order or judgment, a cross-appeal is likely required, even though there would ordinarily never be jurisdiction for such an appeal.

Plaintiffs are, therefore, in an awkward position with respect to the appeal. Although Plaintiffs maintain that it is quite obviously a frivolous interlocutory appeal, they also cannot risk failing to bring their own potentially cross-appeal on the off-chance that a panel of the court of appeals sees it differently.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order extending the time for Plaintiffs to file a cross-appeal for a period of 14 days from the date of entry of the order, pursuant to 28 U.S.C. § 2107(c).

Respectfully Submitted,

RATHOD | MOHAMEDBHAI LLC

/s Felipe Bohnet-Gomez
Felipe Bohnet-Gomez
Iris Halpern
Siddhartha Rathod
2701 Lawrence St., Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
ih@rmlawyers.com
sr@rmlawyers.com


*Attorneys for Plaintiffs*