# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 22-1339 |
| Case Name | Coates, et al. v. Reigenborn |
| Party or Parties Filing Notice of Appeal Or Petition | Richard Reigenborn |
| Appellee(s) or Respondent(s) | Appellant/Defendant |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: 9/28/2022

   **2.**   Date notice of appeal was **filed**: 10/6/2022

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):
   30 Days - October 28, 2022

       **a.**   Was the United States or an officer or an agency of the United States a party below? No

       **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   No

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   No

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.   Yes - collateral order

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

      Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

  1. Date of the order to be reviewed: _____

  2. Date petition for review was filed: _____

  3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

  4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

  1. Date of entry of decision appealed: _____

  2. Date notice of appeal was filed: _____

   (If notice was filed by mail, attach proof of postmark.)

  3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

  4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.**     **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.**    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**    Describe the sentence imposed. _____

_____

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Sheriff Reigenborn is the sole defendant in this action. The conduct at issue is solely the Sheriff's. When the Sheriff came into office in 2018, he exercised his exclusive statutory powers under Colo. Rev. Stat. § 30-10-506 to send notices of intent to dismiss four former high-ranking sheriff's deputies who—the district court later held—were constructively discharged. Those former deputies sued Sheriff Reigenborn (and the "Adams County Sheriff's Office") in his personal and official capacity by under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments. On summary judgment, the district court dismissed the Sheriff's "Office" as not being a suable person under 42 U.S.C. § 1983. It also ruled in the Sheriff's favor on the deputies' Fourteenth Amendment claim. As for their First Amendment claim, the district court held there were disputed questions of fact. Nevertheless, it held the Sheriff was entitled to qualified immunity on that claim—but only in his personal capacity. The district court construed the deputies' claim against the Sheriff in his "official capacity" as a claim under Monell by equating the Sheriff with Adams County. But Adams County had nothing to do with the Sheriff's exercise of his own statutory powers. Nor did it ever appear in the case.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

(1) Can a plaintiff invoking Section 1983 in a suit against a state constitutional officer for that officer's exercise of his exclusive statutory powers name the officer in both his personal and official capacities for the same conduct?

(2) Can a plaintiff invoking Section 1983 in a suit against a state constitutional officer circumvent qualified immunity and force the officer to defend the same actions by recasting him as an entity under Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978)?

**V.     ATTORNEY FILING DOCKETING STATEMENT:**

Name: Michael A. Sink          Telephone: 720-523-6116

Firm: Adams County Attorney's Office

Email Address: msink@adcogov.org

Address: 4430 S. Adams County Parkway, C5000B, Brighton, CO 80601

s/Michael A. Sink                              10/25/2022

Signature                                       Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, Michael A. Sink , hereby certify that on
[attorney for appellant/petitioner]

10/25/2022 , I served a copy of the foregoing **Docketing Statement**, to:
[date]

Felipe Bohnet-Gomez , at fbg@rmlawyers.com
[counsel for/or appellee/respondent]

_____, the last known address/email address, by

email .
[state method of service]

s/Michael A. Sink
Signature

10/25/2022
Date

4430 S. Adams County Parkway, C5000B
Brighton, CO 80601
(720) 523-6116
msink@adcogov.org
Full name and address of attorney