# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| T.J. Coates, et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>Richard A. Reigenborn,<br><br>    Defendant-Appellant. | Case No. 22-1339<br><br>District of Colorado No.<br>20-cv-1936-STV |

### Plaintiffs-Appellees' Motion to Dismiss Appeal
### for Lack of Appellate Jurisdiction

Pursuant to Federal Rule of Appellate Procedure 27(a) and Tenth Circuit Rule 27.3(A)(1)(a), Plaintiffs-Appellees T.J. Coates, Gene Claps, Mark Mitchell, and Kevin Currier move to dismiss this appeal for lack of jurisdiction. Defendant-Appellant Richard A. Reigenborn opposes the relief sought in this motion.

### Introduction

Defendant Richard Reigenborn purports to appeal—in both his individual and official capacity—portions of an interlocutory order denying him summary judgment in his official capacity with respect to

Plaintiffs' First Amendment retaliation claims against him. The appeal must be dismissed for two reasons.

First, Reigenborn prevailed at the district court in his individual capacity, and thus is not aggrieved by the district court's order in his individual capacity and cannot appeal it in that capacity.

Second, this Court lacks jurisdiction to hear Reigenborn's appeal in either his individual or official capacity because the district court's denial of summary judgment is not a final, appealable order under 28 U.S.C. § 1291. The order does not resolve all claims by all parties, and it does not involve a denial of qualified immunity, nor any other interest satisfying the stringent requirements of the collateral order doctrine.

Accordingly, Reigenborn's appeal should be dismissed.

## Background

This is an employment case brought under 42 U.S.C. § 1983. Plaintiffs T.J. Coates, Gene Claps, Mark Mitchell, and Kevin Currier were deputies at the Adams County Sheriff's Office, who supported then-Sheriff Michael McIntosh over Reigenborn in both the 2014 and 2018 elections. Reigenborn won the 2018 election and fired Plaintiffs immediately after taking office. As a result, Plaintiffs sued Reigenborn in both his individual and official

capacities, as well as the Adams County Sheriff's Office, bringing claims for (1) political retaliation in violation of the First Amendment, and (2) the violation of their Fourteenth Amendment due process rights.

After the close of discovery, Reigenborn moved for summary judgment in both his individual and official capacities. In his individual capacity, Reigenborn sought and was granted qualified immunity. (R. at 57.)

But the district court's order denied Reigenborn summary judgment in his official capacity in two ways:

1. Reigenborn sought summary judgment on Plaintiffs' First Amendment retaliation claims on the basis that Plaintiffs' positions required political allegiance, and thus were not subject to First Amendment protection. (R. at 34.) The district court concluded that material disputes of fact precluded summary judgment on this basis. (R. at 39-40.)

2. Reigenborn also sought summary judgment on the basis that no municipal defendant was a proper party because the County was not responsible for the Sheriff's employment decisions and the Sheriff's Office was not a separate legal entity subject to suit under § 1983. (R. at 45-46.) The district court rejected Reigenborn's attempts to create a "municipal-

3

liability loophole," and concluded that "the County is the proper municipal defendant" because Reigenborn was a final policymaker for the County on personnel matters at the Sheriff's Office. (R. at 49.) Accordingly, the district court denied summary judgment as to Plaintiffs' First Amendment claims against Reigenborn in his official capacity but granted summary judgment as to the Adams County Sheriff's Office, pursuant to its conclusion that the County was the proper municipal defendant. (R. at 50.)

The district court's order also granted Reigenborn summary judgment with respect to Plaintiffs' Fourteenth Amendment procedural due process claims and granted Plaintiffs partial summary judgment with respect to their First Amendment retaliation claims, determining that Plaintiffs were constructively discharged by Reigenborn under color of state law. (R. at 57.)

Following the district court's order, Reigenborn filed this appeal.

## Argument

### I. Reigenborn cannot appeal the district court's order in his individual capacity because he is not aggrieved by it in that capacity.

Reigenborn's notice of appeal states that he is appealing "in his official and individual capacity." (R. at 13.) But Reigenborn cannot appeal the district court's order in his individual capacity because he prevailed at the district court in that capacity. "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). "The rule is one of federal appellate practice . . . derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts . . . ." *Id.*

Reigenborn obtained all the relief he sought from the district court in his individual capacity: The district court granted summary judgment in favor of Reigenborn in his individual capacity based on qualified immunity. (R. at 57.) Thus, in his individual capacity, "he prevailed fully below and the district court's judgment did not leave open the possibility of future litigation." *Myers v. Koopman*, 738 F.3d 1190, 1196 n.6 (10th Cir. 2013). In addition, the notice of appeal makes clear that Reigenborn only

appeals "that portion of the district court's . . . Order denying in part Defendant's motion for summary judgment . . . on Plaintiffs' claims against him in his official capacity." (R. at 13.) Reigenborn therefore no longer "retains a stake in the appeal" in his individual capacity, and his individual-capacity appeal should therefore be dismissed.[1] *Roper*, 445 U.S. at 334.

## II. This Court lacks jurisdiction because the district court's order is not a final order, and the collateral order doctrine does not apply.

Reigenborn's appeal of an interlocutory order denying summary judgement to an official-capacity defendant does not satisfy the finality requirement of 28 U.S.C. § 1291, and the collateral order doctrine does not apply.

### a. The district court's order denying Reigenborn summary judgment is not an appealable final order.

The order denying summary judgment is not an appealable final order within the meaning of § 1291. It is "well settled" that this Court "can only address the underlying merits of a lawsuit if the requirements for

---

[1] Because Reigenborn lost his primary election earlier this year, Reigenborn's individual and official capacities are certain to diverge in January 2023, when a new sheriff will replace him as the official-capacity party.

appellate jurisdiction outlined in 28 U.S.C. § 1291 are satisfied." *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 80 F.3d 421, 425 (10th Cir. 1996). "Under § 1291 [the Court] has jurisdiction only over 'final' decisions of the district court." *Id.* "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

"The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *FDIC v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996).

The district court's order denying summary judgment is an interlocutory order that leaves the merits of plaintiff's claims against Reigenborn to be tried. As such, it is not final within the meaning of § 1291. *See Duda v. Elder*, 7 F.4th 899, 909 (10th Cir. 2021) ("Orders denying summary judgment are ordinarily not appealable final [decisions] for

purposes of . . . § 1291.") (*quoting Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)).

### b. The collateral order doctrine does not apply to the district court's order, because Reigenborn did not—and could not—assert qualified immunity in his official capacity.

The collateral order doctrine is a "narrow" exception to the ordinary finality rule, under which the Supreme Court has permitted immediate appeal of a "small class" of orders that is "narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006). An order is collaterally appealable only if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) will be effectively unreviewable on appeal from the final judgment. *Johnson v. Jones*, 515 U.S. 304, 310 (1995). "The conditions are 'stringent.'" *Will*, 546 U.S. at 350.

The district court's order is not among the "small class" of orders which prior cases have permitted to be appealed collaterally. Orders denying qualified immunity or other immunity from suit are among those that the Supreme Court has held are collaterally appealable. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But the district court's order *granted* Reigenborn qualified immunity in his individual capacity, and Reigenborn

8

did not seek any other constitutional or statutory immunity below. In any case, because a municipal or official-capacity defendant "is not entitled to qualified immunity," it "cannot invoke the collateral order doctrine to justify appeal of an otherwise nonappealable decision." *Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995); *see also Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) ("The denial of summary judgment to a municipal defendant on a *Monell* claim is therefore no different from the denial of any ordinary motion for summary judgment, and so is not immediately appealable.").

Nor is there any basis for expanding the collateral order doctrine to permit immediate appeal in this case, because the order does not satisfy the 'stringent' conditions of the collateral order doctrine.

The district court's order does not satisfy the second collateral order prong, because the interests at state are not sufficiently "important." *Johnson*, 515 U.S. at 310. That is, "deferring review until final judgment" does not "so imperil[] [any] interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009). Nothing about the district court's order warrants departing from the practice of "routinely requir[ing]

9

litigants to wait until after final judgment to vindicate valuable rights . . . ." *Id.* at 108–09.

The district court's order also does not satisfy the third collateral order prong, because it is not "effectively unreviewable" on an appeal. *Johnson*, 515 U.S. at 310. Reigenborn in his official capacity is effectively the County. (R. at 49.) And unlike an individual defendant who is denied qualified immunity, a municipal defendant does not have "a right to avoid trial," *Morris v. Noe*, 672 F.3d 1185, 1188 (10th Cir. 2012), that would be "irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985). Indeed, the Supreme Court has held that a County's "assertion that [a] Sheriff . . . is not its policymaker does not rank, under our decisions, as an immunity from suit" and "may be reviewed effectively on appeal from final judgment." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995).

The district court's order can therefore be effectively reviewed on appeal from a final judgement, and the collateral order doctrine does not apply.

**III.   No other exception to the final order rule applies**

10

No other exception to the final order rule exists here. The district court did not certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and Reigenborn has not invoked this Court's mandamus jurisdiction.

## Conclusion

The Court should dismiss Reigenborn's appeal.

Respectfully submitted,

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
fbg@rmlawyers.com

Counsel for Plaintiffs-Appellees

## Certificate of Compliance

As required by Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion is proportionally spaced and contains 1,849 words. I relied on my word processor to obtain the count, and this information is true and correct to the best of my knowledge.

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez