## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| Timothy James Coates, et al., | |
| Plaintiffs-Appellees, | Case No. 22-1339 |
| v. | |
| Richard A. Reigenborn, *in his official and individual capacities*, | District of Colorado No. 20-cv-1936-STV |
| Defendant-Appellant. | |

### Plaintiffs-Appellees' Reply in Support of their Motion to Dismiss Appeal for Lack of Appellate Jurisdiction

In an attempt to manufacture jurisdiction for this interlocutory appeal, Appellant raises a new legal theory that was never presented to the district court: that Reigenborn's qualified immunity in his individual capacity extends to Plaintiffs' municipal liability claims. But Appellant never raised any immunity argument with respect to Plaintiffs' municipal liability claims below, and any such argument is therefore waived on appeal.

Appellant's legal theory is also flatly wrong. Permitting Plaintiffs' municipal liability claims against the county to proceed to trial does not

'circumvent' Reigenborn's qualified immunity in his individual capacity. None of the authority cited by Appellant supports such a far-reaching conclusion. To the contrary, this court has repeatedly stated that there is nothing unusual about permitting municipal liability claims to proceed even if the officer or officers involved have been granted qualified immunity in their individual capacity. This appeal is nothing more than an improper attempt by a municipal defendant to piggyback on an individual defendant's qualified immunity.

Finally, the jurisdictional arguments presented by the county are squarely foreclosed by *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35 (1995). To get out from under *Swint's* clear holding, Appellant alternately ignores Plaintiffs' municipal liability claims, or implausibly claims that Plaintiffs did not even bring municipal liability claims. But under well settled precedent (1) official-capacity claims under § 1983 are claims against the municipality, and (2) municipal liability can be imposed based on the decisions taken by a 'final policymaker' for the municipality. Plaintiffs' official-capacity claims against Reigenborn were exactly this kind of municipal liability claim, as the district court correctly recognized. This appeal of the district court's order denying summary judgment on

Plaintiffs' official-capacity claims, is therefore "a case where a municipality . . . seeks review of the denial of summary judgment on a *Monell* claim." (Response at 8.) Under *Swint*, "[t]he answer" to whether the collateral order doctrine supplies jurisdiction for this category of appeals "is a firm 'No.'" 514 U.S. at 41.

## I.   Appellant's novel legal theory was not raised below and is therefore waived.

Appellant's appeal relies on a legal theory that is as novel as it is erroneous, namely that there can be no municipal liability based on the actions taken by final municipal policymaker if the official is granted qualified immunity in their individual capacity because the law was not clearly established. This argument was not properly raised and preserved in the district court and has therefore been waived on appeal.

In the proceedings below, Plaintiffs asserted municipal-liability claims against Reigenborn in his official capacity, which are the legal equivalent of claims against the County, as well as separate individual-liability claims against Reigenborn in his individual capacity. (R. at 45.) Appellant sought summary judgment on various grounds, including that "Adams County . . . is a separate legal entity" and "does not control the

Exhibit E, Page 3 of 15

employment decisions of the Sheriff's office"; that Plaintiffs had not

asserted a valid *Monell* claim; and that Reigenborn was entitled to qualified

immunity on the individual-capacity claims. (Exhibit A at 7, 5.) However,

Appellant did not argue that Reigenborn's individual immunity extended

to the municipal claims against the County.

Relevant here, the district court denied Appellant's motion for summary

judgment on the municipal claims, concluding that Plaintiffs' claims had

properly been brought against the County "by naming Sherriff Reigenborn

in his official capacity." The district court further reasoned that, as "the

final policymaker for the County on personnel matters for the County" at

the sheriff's office, Reigenborn's "employment decisions [were] chargeable

as an official act of the County," and could be the basis for municipal

liability. (R. at 49.)

For the first time on appeal, Appellant contends that the County is

entitled to a species of qualified immunity on the municipal claims.

Specifically, they argue that Plaintiffs' municipal liability claims must be

dismissed because permitting them to go to trial would "circumvent

[Reigenborn's] qualified immunity" and "has the same practical effect" as

denying qualified immunity. (Response at 2.) This legal theory is not only

novel and unsupported by any precedent but it was also never raised below. Appellant never suggested to the district court that qualified immunity—an affirmative defense that Reigenborn explicitly asserted only in his individual capacity—had any relevance or connection to Plaintiff's municipal liability claims against the county, let alone that qualified immunity provided a basis to dismiss the municipal liability claims.

But "[i]mmunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded." *Yellen v. Cooper*, 828 F.2d 1471, 1476 n.1 (10th Cir. 1987). And "[a]rguments that were not raised below are waived for purposes of appeal." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013). Indeed, this Court has held that it is "clear" that it lacks jurisdiction to hear an interlocutory appeal of a qualified immunity claim that was neither presented to nor decided by the district court. *Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018). So too here: Because the Appellant's municipal qualified immunity claim was neither presented to nor decided by the district court, this Court lacks jurisdiction over this interlocutory appeal.

Consider the hypothetical case where Plaintiffs asserted *only* municipal-liability claims, and the district court denied summary judgment

on those claims. Such an order would plainly not be collaterally appealable on the basis that it 'effectively denies' qualified immunity, since no claim of qualified immunity was ever made by the municipality to the district court—nor could such a claim be plausibly made. But that conclusion applies with equal force here, where appellant never put forward any immunity argument whatsoever with respect to Plaintiffs' municipal claims, and where Reigenborn individually received all the relief he requested from the district court. Appellant cannot now rely on such a theory, raised for the first time on appeal, to artfully fabricate jurisdiction for this interlocutory appeal.

## II.   That an official may be called as a fact witness in a trial against the municipality does not 'effectively deny' qualified immunity.

Reigenborn was granted qualified immunity in his individual capacity, and Appellant argues (at 8-9) that Mr. Reigenborn's individual "right not to stand trial will be irretrievably lost unless" this Court permits interlocutory review of the denial of summary judgment on the municipal-liability claims. But qualified immunity does not encompass the right of an official to refuse to participate as a fact witness at a trial against the

6

municipality. Tellingly, Appellant provides no support for such a sweeping proposition.

None of the cases cited by Appellant for the argument that the collateral order doctrine provides a jurisdictional basis to review an order that "effectively denies qualified immunity" apply to the situation here. (Response at 6.) Each of those cases involved either outright denial of qualified immunity, or "declining or refusing to rule on a . . . defense of qualified immunity." *Carswell v. Camp*, 37 F.4th 1062, 1065 (citation and quotation omitted). But here the district court *granted* qualified immunity to Reigenborn in his individual capacity. And the district court could not have dismissed any municipal defendant based on qualified immunity, not only because doing so would be error, but because Appellant never made that argument to the district court in the first place.

Moreover, the Supreme Court has explained the "entitlement not to stand trial" encompassed by qualified immunity is "an entitlement not to be forced to litigate"—*i.e.*, to be a *party* to a case—not a broad right to avoid testifying as a non-party fact witness in a trial against a separate municipal defendant. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 2816 (1985).

Exhibit E, Page 7 of 15

As this Court has noted, it is not unusual for municipal liability claims to proceed even where the individual official in question has been granted qualified immunity. To the contrary, "there is nothing anomalous about allowing such a suit [against the municipality] to proceed when immunity shields the individual defendant." *Dill v. City of Edmond*, 155 F.3d 1193, 1212 (10th Cir. 1998) (quotation marks omitted); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 697 (10th Cir. 1988) ("[T]here is no inherent inconsistency in allowing a suit alleging an unconstitutional policy or custom to proceed against the [municipality] when the [officials] have been relieved from individual liability.").

The possibility that an official could "still have to participate in a trial" (Response at 8) as a non-party fact witness does not at all implicate the same interests as qualified immunity, which protects officials from being forced to litigate a suit against them "personally" as the "party in interest." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And the fact that Reigenborn would be called to explain "*his* decision" (Response at 13) does not alter that conclusion. Indeed, "[o]nce those officials who have the power to make official policy on a particular issue have been identified, it is for the jury to determine whether *their* decisions have caused the

8

deprivation of rights at issue" by the municipality. *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (emphasis in original).

Neither can the county piggyback on Reigenborn's qualified immunity or otherwise claim qualified immunity by proxy. "The *only* immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess . . . ." *Graham*, 473 U.S. at 167 (emphasis added); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (municipal defendants "are not entitled to the traditional common law immunities for § 1983 claims").

Consider, again, the hypothetical case where Plaintiffs asserted *only* municipal liability claims against the county. In such a case, Reigenborn, as a non-party, would have no plausible basis to invoke qualified immunity as a basis to refuse to *testify* in the case against the county, even if the claims involved his conduct. And the county could not—as it does here— assert Reigenborn's individual qualified immunity as a basis for dismissing the otherwise valid municipal liability claims against it.

To hold otherwise would greatly expand the scope of qualified immunity and in many cases preclude municipal liability for constitutional violations. Appellant essentially asks this court to extend the protections of

9

qualified immunity to municipal defendants. As a consequence, "many victims of municipal malfeasance would be left remediless" and "the injustice of such a result should not be tolerated." *Owen v. Independence*, 445 U.S. 622, 651 (1980).

## III.   Appellate jurisdiction is firmly foreclosed by *Swint*

The jurisdictional questions relevant to this appeal are squarely addressed by *Swint*. As Appellant acknowledges, *Swint* holds that a county cannot immediately appeal the denial of summary judgment of municipal liability claims against it, even where, as here, the county contends that the sheriff is not a final policymaker for the county. (Response at 8-9.) But in order to avoid the clear-cut effect of this holding, Appellant tries to sidestep the fact that Plaintiffs' official-capacity claims in this case are municipal liability claims against the county. Under well settled law, however, (1) Plaintiff's official-capacity claims are claims against a municipal defendant, not Reigenborn individually, and (2) "it is plain that municipal liability may be imposed for a single decision" by "the final decisionmaker for the county." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 485 (1986).

Exhibit E, Page 10 of 15

As a doctrinal matter, Appellant is mistaken that "[t]he mere presence of the term 'official capacity' in the caption of the case does not change the essential nature of . . . the Plaintiff's claims," and that this case is one "involving Sheriff Reigenborn personally," not one that involves "a *municipality*." (Response at 8) (emphasis in original). This is because "[t]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). As the district court held—and as Appellant conceded below[1]—Plaintiffs' "suit against Sheriff [Reigenborn] in his official capacity as sheriff is the equivalent of a suit against [Adams] County." *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (quoting *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999)); *see also Kilman v. Brown*, 833 F. App'x 474, 475 (10th Cir. 2021) (unpublished) ("Because he named Sheriff Brown in his official capacity, his suit functioned as a suit against Arapahoe County itself."). Thus,

---

[1] Appellant did not dispute that "[a] Section 1983 suit against Sheriff Reigenborn in his official capacity is tantamount to a suit against a governmental entity," in this case "Adams County, which is not *separately* named." Exhibit A at 5 (emphasis added); R. at 45-46 ("Defendants argue that a suit against Sheriff Reigenborn in his official capacity is the equivalent of a suit against Adams County."). As such, the point that Appellant now disputes—*i.e.*, the legal effect of asserting official-capacity claims—was effectively conceded below.

Plaintiffs' official-capacity suit "is *not* a suit against [Reigenborn] personally, for the real party in interest is the [County]." *Graham*, 473 U.S. at 166. And under *Swint*, the district court's "ruling regarding the county d[oes] not qualify as a 'collateral order.'" 514 U.S. 35 at 51.

Appellant is also mistaken that "no *Monell* claim was pled . . .  against any defendant." (Response at 3.) The district court correctly held that Plaintiffs pled *Monell* claims against Reigenborn in his official capacity. (R. at 50.) As this Court has recognized, "a municipality can be liable under § 1983 if the 'final policymaker' takes the unconstitutional action." *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (citing *Moss*, 559 F.3d at 1168-69); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) ("A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is . . . a final decision by a municipal policymaker."). There is no dispute that Plaintiffs alleged that Reigenborn was a final municipal policymaker with respect to employment decisions at the sheriff's office. Appellant now argues that the sheriff's office is a "non-existent legal entity" and that the district court erred in determining that Reigenborn was a final policymaker for the county. (Response at 3 n.1.) But this is precisely the decision that *Swint* held to be a

Exhibit E, Page 12 of 15

"mere defense to liability" that "may be reviewed effectively on appeal from final judgment." 514 U.S. 35, 43 (1995).[2]

Plaintiffs' official-capacity claims were, as the district court correctly held, municipal claims. And as *Swint* makes clear, when a district court refuses to dismiss a municipal claim, the municipality has no right to an immediate appeal. This case is no exception.

### Conclusion

The Court should dismiss Reigenborn's appeal.

Respectfully submitted,

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
fbg@rmlawyers.com

---

[2] Appellant also never argued below that Plaintiffs had failed to identify an official policy or custom or had failed to plead the requisite state of mind. (**Exhibit A** at 5 (arguing only, without elaboration, that "Plaintiffs have not asserted a claim under *Monell*").) As such, any argument to that effect is waived on appeal. Appellant also misstates the appliable standards for municipal liability. Deliberate indifference is relevant only where municipal liability is premised on "a facially lawful municipal action," such as inadequate training. *Schneider*, 717 F.3d at 770. By contrast, Plaintiffs' claims here are based on intentional political retaliation in violation of the First Amendment. In any event, an appeal premised on arguments such as these is not immediately appealable under *Swint*.

Counsel for Plaintiffs-Appellees

Exhibit E, Page 14 of 15

## Certificate of Compliance

As required by Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion is proportionally spaced and contains 2,544 words. I relied on my word processor to obtain the count, and this information is true and correct to the best of my knowledge.

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez

Exhibit E, Page 15 of 15