FILED
United States Court of Appeals
Tenth Circuit

October 16, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| TIMOTHY JAMES COATES; GENE CLAPS; MARK MITCHELL; KEVIN CURRIER,<br><br>Plaintiffs - Appellees/Cross-Appellants,<br><br>v.<br><br>RICHARD A. REIGENBORN, in his individual capacity; GENE CLAPS, in his official capacity as Adams County Sheriff,*<br><br>Defendants - Appellants/Cross-Appellees,<br><br>and<br><br>ADAMS COUNTY SHERIFF'S OFFICE,<br><br>Defendant/Cross-Appellee. | Nos. 22-1339 & 22-1434<br>(D.C. No. 1:20-CV-01936-STV)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[**]

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Richard A. Reigenborn is replaced by Gene Claps as sheriff of Adams County, Colorado, effective January 10, 2023.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant-appellant former sheriff Richard A. Reigenborn of Adams County, Colorado constructively discharged deputy sheriffs Timothy James Coates, Gene Claps, Mark Mitchell, and Kevin Currier ("the Deputies") from the Adams County Sheriff's Office shortly after Mr. Reigenborn entered office in 2019. The Deputies subsequently sued Mr. Reigenborn, in his individual and official capacities, and the Adams County Sheriff's Office under 42 U.S.C. § 1983, alleging retaliation for First Amendment activities and a violation of their Fourteenth Amendment procedural due process rights. Mr. Reigenborn and the Sheriff[1] bring this appeal from the district court's order ruling on the parties' cross-motions for summary judgment, which granted Mr. Reigenborn qualified immunity on the Deputies' First Amendment claim against Mr. Reigenborn in his individual capacity but allowed the First Amendment claim to proceed against the Sheriff in his official capacity. The Sheriff also asserts Eleventh Amendment immunity for the first time in his opening brief before this court. In response, the Deputies filed a motion to dismiss the appeal for lack of appellate jurisdiction. The Deputies also filed a cross-appeal contesting the district court's grant of qualified immunity to Mr. Reigenborn. The Deputies concede we would lack jurisdiction over their cross-

---

[1] Since Mr. Claps succeeded Mr. Reigenborn as sheriff of Adams County during the pendency of this appeal, for ease of reference, we will refer to "the Sheriff" throughout this opinion when discussing the official-capacity claim, and we will refer to Mr. Reigenborn directly when discussing the individual-capacity claim.

2

appeal if we do not have jurisdiction over the Sheriff's appeal. Cross-Appellant Br. Regarding Appellate Jurisdiction at 10–11.

Because the denial of a motion for summary judgment on an official-capacity claim is not an interlocutory appeal we may consider under the collateral order doctrine, we lack jurisdiction over the Sheriff's appeal. And where the Sheriff did not raise his Eleventh Amendment immunity argument in the district court, we decline to consider that issue on appeal. We therefore grant the Deputies' motion and dismiss the Sheriff's and Mr. Reigenborn's appeal. We also summarily dismiss the Deputies' cross-appeal per their consent.

## I.   BACKGROUND

### A.   *Proceedings in District Court*

In 2018, Mr. Reigenborn was elected as the Adams County sheriff. The Deputies had supported Mr. Reigenborn's opponent in the election. Shortly after Mr. Reigenborn was sworn in as sheriff in January 2019, he terminated the Deputies from their respective positions in the sheriff's office. The Deputies filed suit against Mr. Reigenborn in his individual and official capacities and the Adams County Sheriff's Office under 42 U.S.C. § 1983, with each plaintiff alleging that each defendant had retaliated against him for his First Amendment activities and violated his Fourteenth Amendment procedural due process rights. The Deputies sought declaratory and injunctive relief and damages.

The parties filed cross-motions for summary judgment. The district court (1) dismissed the Adams County Sheriff's Office as a defendant, (2) granted partial summary judgment for the Deputies as to whether they were discharged under the color

of state law, (3) granted summary judgment for the Deputies on the issue of whether they were constructively discharged from their employment with the Adams County Sheriff's Office, (4) granted summary judgment for Mr. Reigenborn and the sheriff's office on the Deputies' procedural due process claim, (5) denied summary judgment on the Deputies' First Amendment retaliation claim, and (6) granted qualified immunity to Mr. Reigenborn on the Deputies' First Amendment retaliation claim. In sum, the district court dismissed the Deputies' procedural due process claim and dismissed the Adams County Sheriff's Office as a defendant. And Mr. Reigenborn no longer faces any claims in his individual capacity. The only claim surviving summary judgment is the Deputies' First Amendment retaliation claim against the Sheriff in his official capacity. The district court noted that this claim is a municipal liability claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), because a suit against the Sheriff in his official capacity is effectively a suit against Adams County. In denying summary judgment on the *Monell* claim, the district court held that a material dispute of fact remained as to whether the Deputies' positions required political loyalty, and that if their positions are ultimately found to require political loyalty, the Deputies would not have a viable First Amendment retaliation claim against the Sheriff.

### B. *The Sheriff and Mr. Reigenborn's Appeal*

The Sheriff and Mr. Reigenborn filed this interlocutory appeal as to the district court's partial denial of their motion for summary judgment. The Deputies filed a motion to dismiss the appeal for lack of appellate jurisdiction.

The Deputies argue we lack jurisdiction to hear this appeal because the partial denial of the Sheriff's motion for summary judgment is not a final, appealable order under 28 U.S.C. § 1291, as it does not resolve all claims by all parties and does not involve the denial of qualified immunity or any other interest satisfying the requirements of the collateral order doctrine. The Sheriff responds that he may appeal under the collateral order doctrine because the district court's order allowing the Deputies' official-capacity claim to proceed has the same practical effect as denying Mr. Reigenborn the protection of qualified immunity. The Sheriff contends that, because Mr. Reigenborn was the official in charge of the underlying personnel actions under state law, he will still have to face trial if the official-capacity claim proceeds and the trial will place at issue his statutory powers to discharge the Deputies. The Sheriff also asserts for the first time in his opening merits brief to this court that he is entitled to Eleventh Amendment immunity because he is a state official under Colorado law.

## II. DISCUSSION

### A. *Legal Standards*

Determining appellate jurisdiction is "antecedent to all other questions." *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 994 (10th Cir. 2013) (quotation marks omitted). The party invoking appellate jurisdiction—in this case, the Sheriff—bears the burden of

5

establishing jurisdiction. *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1036 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 2608 (2023) ("It is [the appellant's] burden to establish our jurisdiction to consider immediate appeals from this category of orders under the collateral order doctrine."); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.").

The Sheriff asserts appellate jurisdiction under 28 U.S.C. § 1291, which grants "courts of appeals . . . jurisdiction of appeals from all final decisions of the district courts." A "final decision" is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The "collateral order doctrine" is an "expansive interpretation of [§ 1291's] finality requirement" that allows appeals from orders that can be characterized as final even though they do not terminate all or any part of the action. *Tucker*, 36 F.4th at 1033 (alteration in original) (first citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); and then quoting 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3911 (2d ed. updated Apr. 2021)). "The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 41–42 (1995) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). Courts use the "*Cohen* test" to decide whether a case may be immediately appealable under the collateral order doctrine: "To be immediately appealable, such orders 'must [1] conclusively determine the disputed

6

question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *Tucker*, 36 F.4th at 1033 (alterations in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Appeals under the collateral order doctrine must be "'the exception, not the rule,' because 'too many interlocutory appeals can cause harm'" given the inefficiencies they create for both district courts and appellate courts. *Id.* at 1033 (quoting *Johnson v. Jones*, 515 U.S. 304, 309 (1995)); *see also Kell v. Benzon*, 925 F.3d 448, 452 (10th Cir. 2019) ("In case after case in year after year, the Supreme Court has issued increasingly emphatic instructions that the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'" (quotation marks omitted)). The doctrine applies only to the "small class" of decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546.

The collateral order doctrine inquiry is categorical: "our focus is not on whether an immediate appeal should be available in a particular case, but instead we focus on whether an immediate appeal should be available for the category of orders at issue." *Tucker*, 36 F.4th at 1035 (emphasis in original). The appellate court's task is not to "engage in ad hoc balancing to decide issues of appealability" in an individual case, *Johnson*, 515 U.S. at 315, but to "undertake a more general consideration of 'the competing considerations underlying all questions of finality—"the inconvenience and

7

costs of piecemeal review on the one hand and the danger of denying justice by delay on the other,"'" *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Johnson*, 515 U.S. at 315); *see also Digit. Equip. Corp.*, 511 U.S. at 868 ("[T]he issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a 'particular injustic[e]' averted by a prompt appellate court decision." (quoting *Van Cauwenberghe v. Biard,* 486 U.S. 517, 529 (1988))).

A denial of qualified immunity, "to the extent that it turns on an issue of law," is immediately appealable under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Permitting interlocutory appeals of the denial of qualified immunity accounts for "the threatened disruption of governmental functions, and fear of inhibiting able people from exercising discretion in public service if a full trial were threatened whenever they acted reasonably in the face of law that is not 'clearly established.'" *Will v. Hallock*, 546 U.S. 345, 352 (2006) (quoting *Mitchell*, 472 U.S. at 526).

### B.    *Official-Capacity Claim*

According to the Sheriff, because Mr. Reigenborn was the sole party vested with the authority to make personnel decisions under Colorado law as the sheriff, any municipal liability claim implicates his own decisions. Thus, the Sheriff claims the district court's decision granting Mr. Reigenborn qualified immunity is rendered meaningless by permitting the official-capacity claim to proceed to trial. However, this

argument overlooks the categorical distinction between official-capacity and individual-capacity claims.

The Supreme Court has instructed that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). By contrast, individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* This court and the Supreme Court have repeatedly emphasized that qualified immunity "is available only to defendants sued in their individual capacities." *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993) (first citing *Hafer*, 502 U.S. at 25; and then citing *Graham*, 473 U.S. at 166–67). "While a government official who violates the constitution will be protected [under qualified immunity] if his or her actions were reasonable in light of clearly established law and the information the official possessed when he or she acted, municipalities enjoy no such shield." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 697 (10th Cir. 1988).

According to the Deputies, the Supreme Court's decision in *Swint v. Chambers County Commission* bars the interlocutory appeal of this official-capacity claim. We agree. In *Swint*, the county commission-defendant filed an interlocutory appeal when its motion for summary judgment in a § 1983 civil rights action was denied. 514 U.S. at 38–39. The county commission argued that *Monell* "should be read to accord local governments a qualified right to be free from the burdens of trial," and therefore denial of a motion for summary judgment in municipal liability cases under § 1983 should be

immediately appealable under the collateral order doctrine. *Id.* at 43. In ruling against the commission, the Supreme Court reaffirmed that a "right not to be tried" is not a carte blanche means of obtaining appellate jurisdiction under the collateral order doctrine. *Id.* As the Court reasoned, an argument contesting a holding that an individual is not a final policymaker for a local governmental entity under *Monell* is a "mere defense to liability" not akin to immunity from suit, *id.* (quoting *Mitchell*, 472 U.S. at 526), and "[a]n erroneous ruling on liability may be reviewed effectively on appeal from final judgment," *id.* As the Sheriff's appeal concerns the Deputies' *Monell* claim against him, and any response thereto would be merely a defense to liability, *Swint* precludes our exercise of jurisdiction here.

This court and the Supreme Court have been particularly reluctant to expand the collateral order doctrine to include assertions of a "right not to be tried." For example, in holding that an order declining to give effect to a settlement agreement is not a collateral order appealable on an interlocutory basis, the Supreme Court emphasized "that § 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digit. Equip. Corp.*, 511 U.S. at 873. There, the Court expressed concern that "virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial.'" *Id.* (first citing *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 801 (1989); and then citing *Van Cauwenberghe,* 486 U.S. at 524). The Court also reasoned that, if it expanded the scope of the collateral order doctrine too broadly,

10

> it would be no consolation that a party's meritless summary judgment motion or res judicata claim was rejected on immediate appeal; the damage to the efficient and congressionally mandated allocation of judicial responsibility would be done, and any improper purpose the appellant might have had in saddling its opponent with cost and delay would be accomplished.

*Id.* In cases where the Court has given weight to the "right not to stand trial," "some particular value of a high order was marshaled in support of the interest in avoiding trial." *Will*, 546 U.S. at 351–52. "[I]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Id.* at 353 (quoting *Coopers & Lybrand*, 437 U.S. at 468).

We have declined to consider similar attempts to invoke the collateral order doctrine by an official-capacity defendant. Notably, in *Cox v. Glanz*, we explained that a defendant-sheriff could not challenge the denial of summary judgment on the pending official-capacity claim against him on interlocutory appeal "as a matter of right, because he 'cannot invoke the collateral order doctrine to justify appeal of an otherwise nonappealable decision.'" 800 F.3d 1231, 1255 (10th Cir. 2015) (quoting *Moore v. City of Wynnewood,* 57 F.3d 924, 929 (10th Cir. 1995)). In *Cox*, we also further reaffirmed our rule that "[t]he denial of a motion for summary judgment, *unrelated to qualified immunity,* is not a final action." *Id.* (quotation marks omitted).

Further eroding the basis for jurisdiction in this case, the only claim remaining here is a First Amendment retaliation claim over which the district court held there is a material dispute of fact. When "the order being appealed involves the issue of whether

there exists genuinely disputed fact questions, the benefit of an immediate appeal is likely outweighed by the cost of disrupting the ordinary course of litigation." *Tucker*, 36 F.4th at 1034. As we discussed in *Tucker*, a denial of qualified immunity is exempt from the collateral order doctrine if the denial is based on a genuine dispute of fact, rather than a pure legal question. *Id.* (citing *Johnson*, 515 U.S. at 307, 311–13).[2] Such a fact-specific appeal may not then proceed in an official-capacity action.

The Sheriff cites three cases to support his argument that this appeal falls within the collateral order doctrine. These citations do not persuade us because each cited case involved review of the denial of qualified immunity. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2016); *Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022), *opinion withdrawn and superseded on denial of reh'g*, 54 F.4th 307 (5th Cir. 2022). The Sheriff made no assertion before the district court as to the availability of any immunity on his official-capacity claim. Further, the Sheriff makes no attempt to evaluate his official-capacity

---

[2] To the extent the Sheriff roots his argument in policy-oriented concerns about requiring government officials to stand trial on questionable claims, the Supreme Court in *Johnson v. Jones*, 515 U.S. 304 (1995), expressly precluded an individual-capacity defendant from relying on this rationale when it declined to consider on interlocutory appeal a denial of qualified immunity based on a genuine dispute of material fact. As we explained in *Tucker v. Faith Bible Chapel International*, "[t]he Court reached that conclusion even while acknowledging that its decision 'forces public officials to trial,' '[a]nd, to that extent, it threatens to undercut the very policy (protecting public officials from lawsuits) that (the *Mitchell* Court held) militates in favor of immediate appeals' in the qualified-immunity context." 36 F.4th 1021, 1035 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 2608 (2023) (quoting *Johnson*, 515 U.S. at 317). Concerns about protecting public officials from the burdens of trial do not categorically permit interlocutory review under the collateral order doctrine.

claim under the *Cohen* test, despite the Deputies' reliance on *Cohen* in arguing his is not a proper interlocutory appeal. Where it is the Sheriff's burden to show this court has jurisdiction over his interlocutory appeal, *see Tucker*, 36 F.4th at 1036, and given this court's reliance on the *Cohen* test in determining whether it has such jurisdiction, *see id.* at 1033, this analytical shortcoming by the Sheriff is fatal. And the Sheriff will have the opportunity to challenge the district court's rulings on *Monell* liability on a direct appeal after trial.

### C.    *Eleventh Amendment Immunity Argument*

In his briefing to this court on the merits of this appeal, the Sheriff asserts for the first time that he is entitled to Eleventh Amendment immunity as a state actor. While some denials of immunity may be considered on an interlocutory appeal under the collateral order doctrine, the Sheriff's appeal on these grounds suffers a fundamental flaw: he never asserted Eleventh Amendment immunity before the district court.

Eleventh Amendment immunity has three main features: (1) it may be raised at any time, including for the first time on appeal, (2) it may be waived by the affected party, and (3) the court may (but is not required to) raise the issue *sua sponte*. *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941–42 (10th Cir. 2008). No party asserts the Eleventh Amendment immunity defense has been waived. Furthermore, the Supreme Court has extended the collateral order doctrine to encompass denials of Eleventh Amendment immunity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993); *see also Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 910 (10th Cir. 2008). These permissive rules concerning invocation and review of

13

Eleventh Amendment immunity claims nevertheless do not establish a basis for exercising jurisdiction over the Sheriff's interlocutory appeal.

Under the collateral order doctrine, the issue being appealed must first have been considered by the district court. *Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1179–80 (10th Cir. 2015). In *Arbogast*, we held that we could not consider a capacity-to-be-sued argument under the Eleventh Amendment on interlocutory appeal when the district court considered the issue only in a three-sentence paragraph "shed[ding] little light on the precise issue [the appellant] raised [in district court]." *Id.* at 1180. Thus, while an immunity claim may be first raised on appeal after final judgment, it may only be raised on interlocutory appeal if first presented to the district court.

Subsequently, in *Montoya v. Vigil*, we held that we will usually have jurisdiction under the collateral order doctrine when a defendant invokes qualified immunity before the district court, regardless of whether the district court explicitly decides the question. 898 F.3d 1056, 1063–64 (10th Cir. 2018). But if the defendant does not expressly raise the defense of qualified immunity before the district court, the court cannot review the decision because "we cannot interpret the district court's silence as an implicit denial of qualified immunity," so "there is no decision denying qualified immunity for us to review." *Id.*; *see also Tillmon v. Douglas Cnty.*, 817 F. App'x 586, 589 (10th Cir. 2020) (unpublished) ("[I]mplicit in the application of the collateral-order doctrine is a predicate

14

requirement for jurisdiction: the district court must have denied qualified immunity." (citing *Montoya*, 898 F.3d at 1063)).[3]

The Sheriff cannot demonstrate district court review of his Eleventh Amendment immunity argument, as he never presented this argument to the district court. *See* App. Vol. I at 81–82 (partial answer), 84–93 (partial motion to dismiss), 130–36 (reply in support of partial motion to dismiss); App. Vol. II at 66–85 (motion for summary judgment); App. Vol. VIII at 16–27 (response to Deputies' partial motion for summary judgment); App. Vol. X at 16–26 (reply in support of motion for summary judgment). Furthermore, there is no discussion as to Eleventh Amendment immunity in the district court's summary judgment opinion.

The Sheriff is not barred from invoking Eleventh Amendment immunity in future proceedings before the district court or on appeal after a final judgment has been entered in this case. *See Burlbaw*, 548 F.3d at 942. However, Eleventh Amendment immunity is not an issue we must decide *sua sponte* (unlike subject-matter jurisdiction), *see id.*, and the Sheriff has not presented this issue to the district court. Accordingly, there is no district court decision on this issue for us to review, *see Montoya*, 898 F.3d at 1063–64,

---

[3] Notably, we reached this conclusion in *Tillmon v. Douglas County* even after the defendant invoked qualified immunity in a single paragraph outlining the law of qualified immunity in a motion to dismiss before the district court. 817 F. App'x 586, 589–90 (10th Cir. 2020) (unpublished). We nevertheless concluded that this assertion was too perfunctory for us to consider it on an interlocutory appeal. *Id.* at 590. Here, there is not a single reference to Eleventh Amendment immunity in Mr. Reigenborn's briefing before the district court.

and we decline to exercise jurisdiction under the collateral order doctrine over the Sheriff's claim of Eleventh Amendment immunity.

### III.   CONCLUSION

We lack appellate jurisdiction under the collateral order doctrine to consider the Sheriff and Mr. Reigenborn's appeal and, accordingly, GRANT the Deputies' motion to dismiss and DISMISS the Sheriff and Mr. Reigenborn's appeal and the Deputies' cross-appeal.

    Entered for the Court

    Carolyn B. McHugh
    Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

October 16, 2023

Mr. Felipe Bohnet-Gomez
Ms. Iris Halpern
Mr. Siddhartha Hardas Rathod
Rathod Mohamedbhai
2701 Lawrence Street, Suite 100
Denver, CO 80205

Ms. Kerri Ann Booth
Mr. Michael A. Sink
Adams County Attorney's Office
4430 South Adams County Parkway, Suite C5000b
Brighton, CO 80601

RE:  22-1339 & 22-1434, Coates, et al v. Reigenborn, et al
     Dist/Ag docket: 1:20-CV-01936-STV

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Kasandra R. Carleton
      Heidi Michelle Miller

CMW/lg