```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
 2

 3   TIMOTHY JAMES COATES, GENE      .  Case No. 20-cv-01936-STV
     CLAPS, MARK MITCHELL, and       .
 4   KEVIN CURRIER,                  .
                                     .
 5              Plaintiffs,          .
                                     .
 6   vs.                             .  Alfred A. Arraj Courthouse
                                     .  901 19th Street
 7   RICHARD A. REIGENBORN, in his   .  Denver, CO  80294
     official capacity,              .
 8                                   .
                Defendant.           .
 9                                   .  November 15, 2023
     . . . . . . . . . . . . . . . .    3:04 p.m.
10
              TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
11            SCOTT T. VARHOLAK, UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:           Rathod Mohammedbhai, LLC
                                   By:  Felipe S. Bohnet-Gomez
14                                 By:  Iris Halpern
                                   2701 Lawrence Street, Suite 100
15                                 Denver, CO  80205
                                   (303) 578-4400
16
     For the Defendant:            Adams County Attorney's Office
17                                 By:  Kerri A. Booth
                                   4400 South Adams County Pkwy
18                                 Suite C5000B
                                   Brighton, CO  80601
19
     Court Recorder:               Clerk's Office
20                                 U.S. District Court
                                   901 19th Street
21                                 Denver, CO  80294

22   Transcription Service:        AB Litigation Services
                                   216 16th Street, Suite 600
23                                 Denver, CO  80202
                                   (303) 296-0017
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1                    (Time noted:  3:04 p.m.)
 2             THE COURT CLERK:  All rise.  Court is in session.
 3             THE COURT:  Please be seated.  This is 20-cv-1936.
 4   Can I have entries of appearance, please?
 5             MR. BOHNET-GOMEZ:  Good afternoon, Your Honor.
 6   Felipe Bohnet-Gomez and Iris Halpern for the Plaintiffs, T.J.
 7   Coates, Gene Claps, Mark Mitchell, and Kevin Currier.
 8             THE COURT:  Good afternoon.
 9             MS. BOOTH:  Good afternoon, Your Honor.  Kerri
10   Booth appearing on behalf of Defendant.
11             THE COURT:  Good afternoon.  So we are here after
12   appeal from the Tenth Circuit, and a dismissal of that
13   appeal.
14             So we're set for status.  I think we need to set
15   this for a trial preparation conference and trial.
16             But before we do that, we'll deal with maybe one
17   of the elephants in the room, which is that Plaintiff Claps
18   is now both the Plaintiff and the Defendant in this case, and
19   what do we do about that?
20             I'll throw it out there to you all, too.  Any
21   suggestions you have?  At a minimum, it's going to be very
22   confusing to the jury, and obviously recognizing he's being
23   sued in his official capacity, but it's still at a minimum
24   really confusing to the jury.
25             So whoever wants to take the lead on what we'll do
```

1   about this, go for it.
2              MR. BOHNET-GOMEZ:  Sure thing, Your Honor.  And
3   that is kind of a one bundle of -- this is a poor analogy,
4   but there is a lot of inter-related issues kind of as part of
5   that.
6              And, you know, out in the hall we discussed with
7   Ms. Booth one of the things that I think will solve some of
8   it, which is, as Ms. Booth will tell you, the County is
9   planning to get outside counsel to substitute in for them.
10             From our perspective, we don't see a conflict on
11  our side.  We represent only the Plaintiffs in their
12  individual capacity, and have nothing to do with the County
13  or the Sheriff's Office as such.
14             But if the Court will recall, I think it's been
15  almost a year since we had a hearing on whether the
16  Defendant's appeal was frivolous.  And I'm not sure to what
17  extent the Court followed the arguments made on appeal.
18             But essentially the Defendants raised for the
19  first time on appeal that the Sheriff was a state official.
20             So I think that's another one of the related
21  issues.
22             And something that we were hoping to do, which
23  will obviously depend on kind of the tact that new counsel
24  takes and the defenses that they raise, which is, you know,
25  in January the Defendants has said they would -- they

1  intended on remand to re-raise their immunity -- Eleventh
2  Amendment immunity defense before this Court and then appeal
3  that again.
4          I'm not sure if they still plan to do that.  That
5  was my understanding from discussions with Mr. Sink very
6  recently.  He's not here today.
7          But we wanted to make a clear record before any
8  appeal or trial about who their client is, who is the
9  Defendant in this case.
10         And the Court's summary judgment order obviously
11 says, you know, the Defendant is essentially the County.
12         So in terms of the potential for an Eleventh
13 Amendment immunity defense, we want to explore that and make
14 a record of who is paying for the defense and controlling the
15 defense.
16         And the reason for that is under the Supreme
17 Court's decision in *Swint,* if the County asserts that, you
18 know, whoever the Plaintiffs or whoever the Court has held
19 the policy maker is in the *Monell* case, that that person is
20 not a County official, but a State official.  The Supreme
21 Court held in *Swint* that that's not an Eleventh Amendment
22 immunity defense.  That's a defense to liability under *Monell*
23 and no interlocutory appeal can lie from that.
24         Obviously, if the Defendant is a State official,
25 the Sheriff in his official capacity, then potentially it

1  would be an Eleventh Amendment immunity defense.
2             But I can represent to you that Mr. Claps is, as a
3  matter of fact, not making those decisions.
4             So we want to make that record clear before any
5  appeal is taken.
6             The other issue which the Court raised is one of
7  potential jury confusion.  And we agree that most jurors are
8  not familiar with official capacity suits, so it would be
9  useful perhaps as part of all of this to substitute the
10 Defendant in for the County or Board of Commissioners.
11            One of the arguments made on appeal was also that
12 by State law we were required to sue the County under the
13 name of the Board of County Commissioners.  And, you know, we
14 disagreed with that for a variety of reasons.  But if that's
15 true, then, you know, we can make that substitution here and
16 nobody should be prejudiced by that.
17            THE COURT:  Well, that's -- I mean, that would
18 certainly cure the issue of at least the jury confusion
19 issue.
20            Let me hear from Ms. Booth.  I understand the
21 potential conflict here that you are in as an Adams County
22 Attorney's Office.  It's a mess.
23            Are you going to seek outside counsel in this
24 case?
25            MS. BOOTH:  Yes, Your Honor.

```
 1                THE COURT:  Okay.
 2                MS. BOOTH:  So Plaintiffs' counsel got to steal a
 3   little bit of my thunder and break my exciting news.  But I
 4   appearing today solely because my colleague, Mike Sink, is
 5   out of the country and unavailable.
 6                THE COURT:  Okay.
 7                MS. BOOTH:  This was set while he was gone, and
 8   given it was a status conference on relatively short notice,
 9   I came in for him.
10                But I have purposefully had limited involvement in
11   this case for the last two years.  The work that I personally
12   have done has been related to discovery issues that occurred
13   two years ago, effectively.
14                My office has an ethical screen in place, and
15   related to this matter, and in anticipation of some of the
16   conflicts that have now come in to fruition.
17                Because of these conflicts, we are going to be
18   seeking outside counsel to handle the case.
19                THE COURT:  Okay.
20                MS. BOOTH:  Because of that, I'm reticent and
21   leery to stand in and set any dates.  I was going to propose,
22   and I chatted with Plaintiffs' counsel in the hallway,
23   perhaps setting this for another 30 day status conference so
24   that we can get outside counsel on board, who can then get up
25   to speed and address some of these issues in a meaningful and
```

1  substantive way.
2           I am unable to do so as I stand here before you
3  today.
4           THE COURT:  I don't want to put you in a difficult
5  position.  I think that makes sense for me to set this for
6  further status in about 30 days.
7           Obviously, if when new counsel comes in, that date
8  doesn't work, or they need more time, just file a joint
9  motion to reset.  I'll get you back in.
10          I do want the parties to explore this idea of
11 substituting in the Board of County Commissioners.  I can
12 foresee the argument on the other side being "well, then
13 we're prejudiced because we're adding this defendant so
14 late."  Certainly I don't want to steal anybody's argument,
15 you know.  I don't want to pre-judge that argument.
16          So everybody has treated this as if it's the Adams
17 County -- I mean, Adams County Attorney's Office has been
18 representing Adams County, so I don't want to pre-judge the
19 argument.  I don't know how persuaded I would be at the end
20 of the day by that argument.
21          And that would certainly clear up a lot of the
22 issues.  I mean, you probably still have your ethical
23 problems, and I'm not -- I will respect that and your
24 judgment on that.  This case is a mess, not to mention I have
25 followed the various State proceedings that have been going

```
 1  on with the former named Defendant.  I mean, it's just a
 2  mess.
 3            So let's set it for further status, and then if
 4  this date doesn't work with new counsel when new counsel
 5  comes in, just move to reset it.  I get it that this might
 6  take some time to unwind the mess that it is.
 7            I saw the footnote from the Tenth Circuit that
 8  said that Mr. Claps, now Sheriff Claps, was substituted in as
 9  a Defendant, and realized that in doing that we now have him
10  on both sides of the case and what that meant.
11            So let's try to work through these issues.  Let me
12  ask, are you all available -- how about December 21st at 9:00
13  a.m.?
14            MR. BOHNET-GOMEZ:  That works for us.
15            THE COURT:  Okay.
16            MR. BOHNET-GOMEZ:  On the Plaintiffs' side, Your
17  Honor.
18            THE COURT:  Okay.
19            MS. BOOTH:  And that should work.  If it doesn't
20  work, we will sort it and let you know.
21            THE COURT:  Absolutely.  And then, Ms. Booth, I'll
22  be anticipating that eventually here you'll be filing a
23  motion to withdraw?  I understand the situation you're in.
24            MS. BOOTH:  Thank you, Your Honor.  And, you know,
25  as a matter of fact, my office thought that I had already
```

1  been withdrawn, and the fact that I wasn't was convenient for
2  this hearing and convenient for many other reasons.
3              And so here we are.
4              THE COURT:  I get it.  I get it.  All right.
5  Anything further we can do here today?
6              MR. BOHNET-GOMEZ:  No, Your Honor.  There's a
7  number of things we could talk about with this case, but I'll
8  table those for the next status conference.
9              THE COURT:  Great.  I can't wait.  Thank you,
10 everyone.  We'll be in recess.
11             THE COURT CLERK:  All rise.
12                  (Time noted:  3:15 p.m.)
13                        CERTIFICATE
14    I, RANDEL RAISON, certify that the foregoing is a
15 correct transcript from the official electronic sound
16 recording of the proceedings in the above-entitled matter, to
17 the best of my ability.
18
19  *[signature: Randel Raison]*
20 _____         November 21, 2023
21 Randel Raison
22
23
24
25