```
 1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF COLORADO
 2

 3   TIMOTHY JAMES COATES, GENE      .  Case No. 20-cv-01936-STV
     CLAPS, MARK MITCHELL, and       .
 4   KEVIN CURRIER,                  .
                                     .
 5             Plaintiffs,           .
                                     .
 6   vs.                             .  Alfred A. Arraj Courthouse
                                     .  901 19th Street
 7   RICHARD A. REIGENBORN, in his   .  Denver, CO  80294
     official capacity,              .
 8                                   .
               Defendant.            .
 9                                   .  December 21, 2023
     . . . . . . . . . . . . . . . . .  8:56 a.m.
10

11        TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
           SCOTT T. VARHOLAK, UNITED STATES MAGISTRATE JUDGE
12

13   APPEARANCES:

14   For the Plaintiffs:           Rathod Mohammedbhai, LLC
                                   By:  Felipe S. Bohnet-Gomez
15                                 2701 Lawrence Street
                                   Suite 100
16                                 Denver, CO  80205
                                   (303) 578-4400
17
     For the Defendant:            Adams County Attorney's Office
18                                 By:  Michael A. Sink
                                   4400 South Adams County Pkwy
19                                 Suite C5000B
                                   Brighton, CO  80601
20                                 (720) 523-6116

21   Also Present:                 Katherine Pratt
                                   Nicholas Poppe
22
     Court Recorder:               Clerk's Office
23                                 U.S. District Court
                                   901 19th Street
24                                 Denver, CO  80294

25
```

```
 1  Appearances continued:

 2  Transcription Service:          AB Litigation Services
                                    216 16th Street, Suite 600
 3                                  Denver, CO  80202
                                    (303) 296-0017
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

```
 1                    (Time noted:  8:56 a.m.)
 2              THE COURT CLERK:  All rise.  Court is in session.
 3              THE COURT:  Please be seated.  This is 20-cv-1936.
 4   Can I have entries of appearance, please?
 5              MR. BOHNET-GOMEZ:  Good morning, Your Honor.
 6   Felipe Bohnet-Gomez for the Plaintiffs.
 7              THE COURT:  Good morning.
 8              MR. SINK:  Good morning, Your Honor.  Michael
 9   Sink.  I am counsel on behalf of Mr. Reigenborn and former
10   Sheriff Reigenborn.  I also have additional counsel here
11   today for parties that have not quite yet entered in the
12   case.
13              THE COURT: Okay.  Let me ask the parties:  What
14   are the next steps you all propose given the changes since
15   this case came back out from the Tenth Circuit?
16              MR. BOHNET-GOMEZ:  Sure, Your Honor.  Let me go
17   first.
18              So my understanding is there is going to be a
19   substitution of counsel at some point.
20              However, for reasons that I'm not privy to, the
21   decision was made by someone to hire separate counsel for --
22   my understanding is the Board of County Commissioners, and
23   for the Sheriff in his official capacity, you know,
24   notwithstanding the fact that the Supreme Court has said that
25   an official capacity claim is a claim against the entity.
```

1            And, of course, that's what the Court's operative
2    summary judgment order also holds.
3            So I'm not sure kind of why that's the case, and,
4    you know, which of these sets of counsel, or both, will be
5    part of the case.
6            Next, so I think the first step is to figure out
7    the substitution issue, and then the -- after that, I think
8    there's a number of things that, you know, we brought up in
9    the last status conference that might come into play
10   depending on, you know, whether the intention of any of the
11   Defendants is still to re-raise immunity.  If so, we'd like
12   to, you know, put some things on the record before that
13   decision is made.
14           If not, I think the next step is, you know, we'd
15   like to potentially open discovery in a very limited fashion,
16   since it's been a very long time, and a number of relevant
17   events at the Sheriff's Office relating to some of the
18   officials there, including Mr. Reigenborn, that we want to
19   explore insofar as to connect some of the claims.
20           THE COURT:  Hold on for one second.  We have this
21   dual authentication now, and in order to log in I need to
22   take this -- hold on just one second.
23        (Pause)
24           THE COURT:  Okay.  We changed our system over, and
25   it just makes everything twenty times more difficult.

```
 1                But go ahead.
 2                MR. BOHNET-GOMEZ:  Yes.  So first, substitution of
 3   counsel, and also the potential substitution of the
 4   Defendants, at least in name only, as we discussed at the
 5   last status conference.  I think that's first.
 6                Second, any other potential proceedings before
 7   trial, which, you know, I think we -- frankly, it's a little
 8   bit too soon to tell how much of that will be necessary.
 9                And then, of course, I think the next step after
10   that is trial.
11                THE COURT:  Let me hear from the Defendants.
12                MR. SINK:  Good morning, Your Honor.  Again, just
13   for the record, I would like to reiterate that I and Ms.
14   Booth are the remaining counsel in the case at present.
15                To-date, we have represented Mr. Reigenborn in his
16   personal capacity, and Sheriff Reigenborn in his official
17   capacity.  We have not consulted with Sheriff Claps in light
18   of the Tenth Circuit's order of substitution.
19                I think order of priority one from Mr.
20   Reigenborn's perspective is, given the Tenth Circuit's order,
21   the caption in the case before Your Honor needs to be revised
22   in order to remove him as the official capacity named party.
23   He still remains as Sheriff Reigenborn in the caption.
24                THE COURT:  It seems like the simplest thing to do
25   is simply name the County or Board of County Commissioners as
```

```
 1  substitute for Sheriff Reigenborn in his official capacity,
 2  the Board of County Commissioners as the Defendant, and amend
 3  the complaint to have it as the Board of County
 4  Commissioners.  It seems to be the simplest way to move
 5  forward on this.
 6            MR. SINK:  Well, I think that presents something
 7  of a problem, and I'll be happy to give Your Honor some
 8  perspective on that.
 9            I will say because we do not represent Sheriff
10  Claps, we also do not represent the Board in this matter, so
11  the -- both the Board and the Sheriff in his official
12  capacity now have separate counsel.
13            And Ms. Booth and I, because of the -- Mr. Claps
14  being on both sides of the case and not having represented
15  Sheriff Claps, will likely -- well, not likely.  Will be
16  withdrawing.
17            Now, the difficulty with that is, of course, then
18  identifying who is coming in behind us with the counsel, and
19  both parties, I believe, or both potential parties, have
20  counsel.
21            So counsel just introduced them to the Court for
22  Sheriff Claps in his official capacity.  It's Nick Poppe of
23  Nathan Dumm & Mayer.  And the County has retained Katie Pratt
24  from Wells Anderson & Race.  They both been recently
25  retained.
```

1      So I have no doubt that they would like at some
2  point in time an opportunity to present their positions to
3  the Court, although that may not be today given the date --
4  the recent date of their retention.
5      I will say in terms of why there is some
6  uncertainty here, although it's not Mr. Reigenborn's argument
7  to make any more, is that on the one hand this Court, in its
8  summary judgment order, has indicated that it has at least in
9  part viewed this -- its decision as naming the Board, which
10 is what Your Honor was just alluding to.
11     The difficulty is that the Tenth Circuit has
12 substituted in Sheriff Claps as Sheriff Claps as the
13 Defendant, and anticipates that he has the availability of an
14 Eleventh Amendment defense that can be re-asserted before
15 Your Honor.
16     THE COURT:  Well, they didn't go that far.  They
17 simply did not decide that issue because you didn't raise it
18 below.
19     I can tell everybody I'm not buying it.  One,
20 we've been through an entire summary judgment briefing and it
21 was never raised.
22     And I will certainly allow the Board to come in
23 and make whatever argument they want, but this case is moving
24 forward.
25     And, you know, everybody treated this for the --

1  when was this case filed?  For two plus years as it was a
2  case against the County.  And then at the eleventh hour is
3  when this argument was made.
4              I think the simplest thing to do is amend your
5  complaint to name the County.  You'll amend your complaint to
6  name the County as the Defendant.
7              What are your thoughts on that?
8              MR. BOHNET-GOMEZ:  We're not opposed to that in
9  principle.  There is the issue that certain defenses were not
10 pled by the Defendants, and I think it would be prejudicial
11 at this point if they were allowed to sort of add those in
12 any answer to an amended complaint.
13             So with that caveat, we would be happy to amend
14 the complaint.
15             THE COURT:  That's what I'm going to do.  I'm
16 going to order the Plaintiff to file an amended complaint by
17 January 5th.
18             Defendants, whoever that may be representing the
19 County, obviously in his individual capacity, the Defendant
20 can answer.  The County can respond.
21             And then let's set this for further status.  I
22 want to see the answer.  Are you all available February 15th
23 -- scratch that, because I'm not sure I am.
24             Are you all available February 13th at 1:30?
25             MR. BOHNET-GOMEZ:  Give me just one minute, Your

```
 1  Honor.  Plaintiffs are available then.  Yes.
 2              MS. PRATT:  Your Honor, I'm Katherine Pratt.
 3              THE COURT:  Please go ahead.  I know you're going
 4  to enter your appearance.  That's fine.
 5              MS. PRATT:  Yes, on behalf of the County.  I think
 6  I'm going to be coming in, it sounds like really soon,
 7  anyway.
 8              THE COURT:  Yes.
 9              MS. PRATT:  So if I might be heard for just one
10  moment.
11              My understanding of the status of this case is
12  that it obviously has been ongoing for some time, and there's
13  already been a summary judgment order.  It's been up and back
14  down from the Tenth Circuit.
15              However, to-date my client is going to be the --
16  or is, and sounds like will be, a party to this, the Board of
17  County Commissioners of Adams County.  That entity has not
18  yet had any opportunity to respond substantively to the
19  arguments being asserted by the Plaintiffs.
20              And on their behalf, I would like the opportunity
21  to take a look at this amended complaint and make any
22  appropriate arguments on behalf of the County.
23              THE COURT:  I'll certainly allow you.  I don't
24  know that I agree that your client has not had an opportunity
25  to respond.  Who has been paying for the defense up to this
```

1  point?  My guess is it's Adams County.
2             And everybody treated this case, including Adams
3  County, as the Defendant in the official capacity as if this
4  was a case against the County.
5             In my view, it's too cute now for the County to
6  come back and say "well, now that we have a different
7  Sheriff, no, no, no, we knew nothing about this."  I don't
8  buy it.
9             And I will permit, if the County attempts to make
10 that argument, that "we knew nothing about this, we were
11 never a Defendant in this case," I'm going to let him get
12 into who paid for this all the way through.  And if it's
13 Adams County that's been paying for this thing all the way
14 through, I'm going to call B.S. on it.
15            So this case needs to get ready for trial.
16            So if truly Sheriff Reigenborn has been doing this
17 all on his own, and the County has no idea, okay.  Then you
18 may be right.  I just don't buy it.  My guess is the County
19 has been paying for his defense all the way through.  I think
20 the County has been -- I think it's been the -- well, anyway.
21            MR. BOHNET-GOMEZ:  Your Honor, if I could just
22 interject.
23            THE COURT:  Yes.
24            MR. BOHNET-GOMEZ:  The Court is correct.  There is
25 a public record of that.  There is a County Board Resolution

11

1  directing the County Attorney's Office to defend this case,
2  and indemnifying Reigenborn, and that's actually part of the
3  record in this case, too.  I believe it was attached as an
4  exhibit in perhaps the motion to have the appeal declared as
5  frivolous.
6              THE COURT:  So I'm going to -- I'm not being
7  critical of you.  You've not even entered on this case yet.
8              But I'm not buying that the County had no idea
9  what was going on, and only now if they blew a defense, they
10 blew a defense.
11             And I'm not letting them re-open it at this
12 eleventh hour when we're through summary judgment, and the
13 only reason we're not in trial is because I didn't declare
14 the previous appeal frivolous.
15             So we can take all of this up on February 13th.
16 But in my view, it's time to get this case ready for trial
17 and try this thing already.  We're going to be into our
18 fourth year by the time February 13th rolls around.
19             MS. PRATT:  Understood.
20             THE COURT:  All right.
21             MS. PRATT:  And, yes, I am available on February
22 13th at 1:30.
23             THE COURT:  Okay.  Anything further, then, that we
24 can do here today?
25             MR. SINK:  One question of clarification, Your

```
 1  Honor.
 2              THE COURT:  Sure.
 3              MR. SINK:  Is the amended complaint intended to
 4  only substitute in the Defendant, or is Mr. Reigenborn --
 5              THE COURT:  Yeah, that's essentially what's going
 6  to happen, is that the purpose of the amended complaint is
 7  not to change anything substantively.  It is to remove
 8  Sheriff Reigenborn in his official capacity and change those
 9  allegations to the Board of County Commissioners as the
10  Defendant.
11              MR. SINK:  And then would the Court need a
12  separate written motion for the County -- the counsel for Mr.
13  Reigenborh to withdraw, or is that something we can do -- I
14  don't believe Plaintiff opposes that.
15              THE COURT:  I don't think you'll need to, because
16  your client in his official capacity will be gone.  So you'll
17  remain as the individual capacity counsel.  Your client in
18  his official capacity will be gone.  And then the Board of
19  County Commissioners will come in as the Defendant, and then
20  counsel can enter, you know, and file a responsive pleading
21  on behalf of the Board of County Commissioners.
22              MR. SINK:  Thank you, Your Honor.
23              THE COURT:  Okay.
24              MR. BOHNET-GOMEZ:  If I could just briefly, you
25  know, put on the record our position about, you know, the
```

1  idea that there could be, you know, two official capacity
2  defendants.
3           We disagree with that.  I think Rule 25(b) is
4  clear, in effect, you know, pursuant to that Rule, it is
5  automatic.  The substitution doesn't require to move to
6  substitute, or anything like that.
7           As of January of last year, the official capacity
8  Defendant in this case was, for all purposes, Gene Claps in
9  his official capacity.
10          THE COURT:  Yeah, but now we've got -- if we don't
11 have an amendment, we're going to confuse the heck out of the
12 jury.
13          MR. BOHNET-GOMEZ:  Yes.
14          THE COURT:  Because it's going to be Claps suing
15 Clap, and I don't want that mess.  I would rather have it
16 clear to the jury that by "official capacity," we mean the
17 Board of County Commissioners.
18          MR. BOHNET-GOMEZ:  Understood, Your Honor.  So
19 from our perspective, we are substituting the official
20 capacity Defendant out for the Board, and not, you know,
21 shuffling the official capacity Defendants in any way.
22          THE COURT:  It's in my view a completely non-
23 substantive change, because as I indicated in my prior
24 hearing -- in my prior ruling, everybody has treated this as
25 the Defendant is the Sheriff in his individual capacity --

1 former Sheriff in his individual capacity, and the Board of
2 County Commissioners, and naming in the official capacity is
3 just another way to name the Board of County Commissioners.
4          All of this -- all the amendment is, is to make it
5 clean so that we don't have Plaintiff suing himself in his
6 official capacity, because it's just going to confuse the
7 jury.  I just want to get rid of that confusion.
8          MR. BOHNET-GOMEZ:  Understood.
9          THE COURT:  Okay.  All right.  We'll see everybody
10 in February, and then we'll start talking at that point about
11 hopefully setting this case for trial and moving it forward.
12          All right.  We'll be in recess.
13          THE COURT CLERK:  All rise.  Court is in recess.
14               (Time noted:  9:13 a.m.)
15                        CERTIFICATE
16     I, RANDEL RAISON, certify that the foregoing is a
17 correct transcript from the official electronic sound
18 recording of the proceedings in the above-entitled matter, to
19 the best of my ability.
20 *[signature: Randel Raison]*
21
22 _____          January 3, 2024
23 Randel Raison
24
25