**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01936-STV

TIMOTHY JAMES COATES,
GENE CLAPS,
MARK MITCHELL, and
KEVIN CURRIER,

      Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF ADAMS,
a governmental entity, and
RICHARD A. REIGENBORN, in his individual capacity,

      Defendants.

---

**SUBSTITUTED ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES OF THE
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant Board of County Commissioners of the County of Adams (the "County"), by and through undersigned counsel, Katherine M.L. Pratt and Saugat K. Thapa of Wells, Anderson & Race, LLC, hereby submits its substituted answer, defenses, and affirmative defenses to Plaintiffs' First Amended Complaint [ECF No. 105], and states as follows:

**RESPONSE TO NATURE OF THE ACTION**

The statements set forth in Plaintiffs' section entitled "Nature of the Action" constitute legal argument rather than factual allegations. Accordingly, no response is required. The County denies any allegation not expressly admitted in the paragraphs below. The County is without knowledge sufficient to form a belief as to allegations related to acts or omissions by other parties to this civil action and therefore they are denied.

## RESPONSE TO JURISDICTION, VENUE, AND PARTIES

1.      The allegations of Paragraph 1 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the County denies the allegations of Paragraph 1 of Plaintiffs' Amended Complaint.

2.      The County does not contest venue.  The County denies all remaining allegations of Paragraph 2 of Plaintiffs' Amended Complaint.

3.      The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 3 of Plaintiffs' Amended Complaint and, therefore, denies the same.

4.      The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 4 of Plaintiffs' Amended Complaint and, therefore, denies the same.

5.      The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 5 of Plaintiffs' Amended Complaint and, therefore, denies the same.

6.      The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 6 of Plaintiffs' Amended Complaint and, therefore, denies the same.

7.      The County admits that the Adams County Sheriff is one of the law enforcement agencies which operates within Adams County, Colorado to the extent alleged in Paragraph 7 of Plaintiffs' Amended Complaint.  The County admits that Defendant Reigenborn was at all relevant times the elected Sheriff of Adams County, Colorado and that he and his employees had such duties and responsibilities as are set forth in Colorado statutes.  The County denies that the Adams County Sheriff is a subdivision, department, or agent of Adams County, Colorado to the extent alleged in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      The County admits that Defendant Reigenborn was at all relevant times the elected Sheriff of Adams County, Colorado to the extent alleged in Paragraph 8 of Plaintiffs' Amended Complaint.  The remaining allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

9.      The County admits the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10.     The County admits the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11.     The County admits the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12.     The County admits the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 13 of Plaintiffs' Amended Complaint and, therefore, denies the same.

14.     The County admits the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint.

15.     The County admits the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

16.     The County admits the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 17 of Plaintiffs' Amended Complaint and, therefore, denies the same.

18.     The County admits the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     The County admits the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20.     The County admits the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     The County admits the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     The County admits the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint.

23.     The County admits the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     The County admits the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 25 of Plaintiffs' Amended Complaint and, therefore, denies the same.

26.     The County admits the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27.     The County admits the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28.     The County admits the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint.

29.     The County admits the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30.     The County admits the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31.     The County admits that Sheriff McIntosh assigned Plaintiff Coates as Chief of the Detective Division, and that the duties and responsibilities of that position were similar in scope to that of Captain of the Patrol Division.  The County denies that former Sheriff Reigenborn fired Plaintiff Coates.

32.     The County admits the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     The County admits the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     The County admits the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint.

35.     The County admits the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     The County admits the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 37 of Plaintiffs' Amended Complaint and, therefore, denies the same.

38.     The County admits the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     The County admits the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     The County admits the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     The County admits the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint.

42.     The County admits the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 43 of Plaintiffs' Amended Complaint and, therefore, denies the same.

44.     The County admits the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     The County admits the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.     The County admits the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47.     The County admits the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48.     The County admits that Plaintiff Claps was promoted to the position of Division Chief of the Jail Division.  The County denies that former Sheriff Reigenborn fired Plaintiff Claps.

49.     The County admits the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50.     The County admits the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51.     The County admits the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52.     The County admits the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53.     The County admits the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54.     The County admits the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55.     The County admits the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56.     The County admits the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57.     The County admits the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58.     The County admits the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59.     The County admits the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60.     The County admits the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     The County admits the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     The County admits the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint.

63.     The County admits the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     The County admits the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

65.     The County admits the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint.

66.     The County admits that Plaintiff Mitchell held the position of Captain of the Patrol Division.  The County denies that former Sheriff Reigenborn fired Plaintiff Mitchell.

67.     The County admits the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

68.     The County admits the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint.

69.     The County admits the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint.

70.     The County admits the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71.     The County admits the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72.     The County admits the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73.     The County admits the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74.     The County admits the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75.     The County admits the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76.     The County admits that Plaintiff Currier was promoted to Commander in the Detective Division.  The County lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint and therefore denies the same.

77.     The County admits that Plaintiff Currier was assigned as Coordinator for the 17th Judicial District's Critical Investigation Team.   The County lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint and therefore denies the same.

78.     The County admits that Plaintiff Currier participated in the investigation of the murder of Deputy Heath Gumm.  The County lacks sufficient knowledge or information to either

admit or deny the remaining allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint and therefore denies the same.

79.     The County admits that Plaintiff Currier held the positions of Commander and Coordinator.  The County denies that former Sheriff Reigenborn fired Plaintiff Currier.

80.     The County admits the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

81.     The County admits the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82.     The County admits the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.     The County admits the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84.     The County admits the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85.     The County admits the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint.

86.     The County admits the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint.

87.     The County admits the allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     The County admits that former Sheriff Reigenborn participated in gathering information regarding collective bargaining.  The County denies that former Sheriff Reigenborn began or led a campaign to implement collective bargaining at ACSO.

89.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 89 of Plaintiffs' Amended Complaint and, therefore, denies the same.

90.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 90 of Plaintiffs' Amended Complaint and, therefore, denies the same.

91.     The County admits that former Sheriff Reigenborn opposed the election of Paul Gregory.  The County denies that former Sheriff Reigenborn opposed the election of Adam Sherman.

92.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 92 of Plaintiffs' Amended Complaint and, therefore, denies the same.

93.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 93 of Plaintiffs' Amended Complaint and, therefore, denies the same.

94.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 94 of Plaintiffs' Amended Complaint and, therefore, denies the same.

95.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 95 of Plaintiffs' Amended Complaint and, therefore, denies the same.

96.     The County denies the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97.     The County admits the allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint.

98.     The County admits the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint.

99.     The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 99 of Plaintiffs' Amended Complaint and, therefore, denies the same.

100.    The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 100 of Plaintiffs' Amended Complaint and, therefore, denies the same.

101.    The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 101 of Plaintiffs' Amended Complaint and, therefore, denies the same.

102.    The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 102, including sub-paragraphs (a) through (j), of Plaintiffs' Amended Complaint and, therefore, denies the same.

103.    The County admits the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

104.    The County admits the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

105.    The County admits the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106.    The County lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 106 of Plaintiffs' Amended Complaint and, therefore, denies the same.

107.    The County admits that former Sheriff Reigenborn ran for office against then-Sheriff McIntosh in the 2018 election.  The County denies all remaining allegations of Paragraph 107 of Plaintiffs' Amended Complaint.

108.     The County admits that FOP Lodge 1 endorsed then-Sheriff McIntosh during the 2018 election.  The County lacks sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 108 of Plaintiffs' Amended Complaint and, therefore, denies the same.

109.     The County lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint and, therefore, denies the same.

110.     The County lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint and, therefore, denies the same.

111.     The County lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 111, including sub-paragraphs (a) through (h), of Plaintiffs' Amended Complaint and, therefore, denies the same.

112.     The County admits the allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint.

113.     The County admits the allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint.

114.     The County admits the allegations contained in Paragraph 114 of Plaintiffs' Amended Complaint.

115.     The County admits that former Sheriff Reigenborn knew Tommie McLallen for more than 15 years, that Tommie McLallen previously served as President of FOP Lodge 7, and that former Sheriff Reigenborn and Tommie McLallen were both active in the FOP.

116.     The County lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint and, therefore, denies the same.

117.     The County admits the allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118.     The County admits the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119.     The allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint consist of excerpts from January 9, 2019 "Policy Changes" email.  This document speaks for itself.

120.     The allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint consist of excerpts from January 9, 2019 "Policy Changes" email.  This document speaks for itself.

121.     The allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint consist of excerpts from January 9, 2019 "Policy Changes" email.  This document speaks for itself.

122.     The allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint consist of excerpts from January 9, 2019 "Policy Changes" email.  This document speaks for itself.

123.     The County admits the allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint.

124.     The County admits the allegations contained in Paragraph 124 of Plaintiffs' Amended Complaint.

125.     The allegations contained in Paragraph 125 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

126.    The allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

127.    The allegations contained in Paragraph 127 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

128.    The allegations contained in Paragraph 128 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

129.    The allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

130.    The allegations contained in Paragraph 130 of Plaintiffs' Amended Complaint consist of excerpts from a document entitled "Notice to Sheriff's Office Employees Regarding Employment Policies," and dated January 8, 2019.  This document speaks for itself.

131.    The County admits that on January 9, 2019, Plaintiffs each received a letter from former Sheriff Reigenborn notifying them of the anticipated termination of their employment and the opportunity to meet with him.  The County denies the remaining allegations contained in Paragraph 131 of Plaintiffs' Amended Complaint.

132.    The allegations contained in Paragraph 132 of Plaintiffs' Amended Complaint consist of excerpts from the letters Plaintiffs received from former Sheriff Reigenborn on January 9, 2019.  These documents speak for themselves.

133.   The allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint consist of excerpts from the letters Plaintiffs received from former Sheriff Reigenborn on January 9, 2019.  These documents speak for themselves.

134.   The allegations contained in Paragraph 134 of Plaintiffs' Amended Complaint consist of excerpts from the letters Plaintiffs received from former Sheriff Reigenborn on January 9, 2019.  These documents speak for themselves.

135.   The allegations contained in Paragraph 135 of Plaintiffs' Amended Complaint consist of excerpts from the letters Plaintiffs received from former Sheriff Reigenborn on January 9, 2019.  These documents speak for themselves.

136.   The allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint consist of excerpts from the letters Plaintiffs received from former Sheriff Reigenborn on January 9, 2019.  These documents speak for themselves.

137.   The County admits the allegations contained in Paragraph 137 of Plaintiffs' Amended Complaint.

138.   The County admits the allegations contained in Paragraph 138 of Plaintiffs' Amended Complaint.

139.   Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Claps, the County admits that former Sheriff Reigenborn met with Plaintiff Claps and that they discussed the reasons for the proposed revocation of Plaintiff Claps' appointment.

140.   The County denies the allegations set forth in Paragraph 140 of Plaintiffs' Amended Complaint.

141.     The County admits the allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint.

142.     The County denies that Plaintiff Claps would have forfeited his retirement benefits if he had been terminated.  The County admits that Plaintiff Claps resigned.

143.     Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

144.     The County denies the allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint.

145.     Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

146.     Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

147.     Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

148.    Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

149.    Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Mitchell, the County admits that former Sheriff Reigenborn met with Plaintiff Mitchell and that they discussed the reasons for the proposed revocation of Plaintiff Mitchell's appointment.

150.    The County admits the allegations contained in Paragraph 150 of Plaintiffs' Amended Complaint.

151.    The County denies that Plaintiff Mitchell would have forfeited his retirement benefits if he had been terminated.  The County admits that Plaintiff Mitchell resigned.

152.    Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Coates, the County admits that former Sheriff Reigenborn met with Plaintiff Coates and that they discussed the reasons for the proposed revocation of Plaintiff Coates' appointment.

153.    The County admits the allegations contained in Paragraph 153 of Plaintiffs' Amended Complaint.

154.    The County denies that Plaintiff Coates would have forfeited his retirement benefits if he had been terminated.  The County admits that Plaintiff Coates resigned.

155.    Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Currier, the County admits that former Sheriff Reigenborn

met with Plaintiff Currier and that they discussed the reasons for the proposed revocation of Plaintiff Currier's appointment.

156.     Notwithstanding the lack of a *ver batim* record of the January 15 meeting between former Sheriff Reigenborn and Plaintiff Currier, the County admits that former Sheriff Reigenborn met with Plaintiff Currier and that they discussed the reasons for the proposed revocation of Plaintiff Currier's appointment.

157.     The County denies the allegations contained in Paragraph 157 of Plaintiffs' Amended Complaint.

158.     The County admits the allegations contained in Paragraph 158 of Plaintiffs' Amended Complaint.

159.     The County denies that Plaintiff Currier would have forfeited his retirement benefits if he had been terminated.  The County admits that Plaintiff Currier resigned.

160.     The County admits that Plaintiffs were offered a severance agreement and that the terms of the severance agreement included a financial benefit to Plaintiffs as well as a release of claims against the County.

161.     The County admits the allegations contained in Paragraph 161 of Plaintiffs' Amended Complaint.

162.     The County denies the allegations contained in Paragraph 162 of Plaintiffs' Amended Complaint.

163.     The County denies the allegations contained in Paragraph 163 of Plaintiffs' Amended Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Retaliation**
**(All Plaintiffs against All Defendants)**

164.     The County incorporates all of its responses to Paragraphs 1 through 163 of Plaintiffs' Amended Complaint in this Paragraph 164 as though fully set forth herein.

165.     The allegations contained in Paragraph 165 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required.

166.     The allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required.

167.     The allegations contained in Paragraph 167 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required.

168.     The allegations of Paragraph 168 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the County denies the allegations of Paragraph 168 of Plaintiffs' Amended Complaint.

169.     The allegations of Paragraph 169 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the County denies the allegations of Paragraph 169 of Plaintiffs' Amended Complaint.

170.     The County denies the allegations of Paragraph 170 of Plaintiffs' Amended Complaint.

171.     The County denies the allegations of Paragraph 171 of Plaintiffs' Amended Complaint.

172.     The County denies the allegations of Paragraph 172 of Plaintiffs' Amended Complaint.

20

173.    The County denies the allegations of Paragraph 173 of Plaintiffs' Amended Complaint.

174.    The County denies the allegations of Paragraph 174 of Plaintiffs' Amended Complaint.

175.    The County denies the allegations of Paragraph 175 of Plaintiffs' Amended Complaint.

176.    The County denies the allegations of Paragraph 176 of Plaintiffs' Amended Complaint.

177.    The County denies the allegations of Paragraph 177 of Plaintiffs' Amended Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourteenth Amendment – Procedural Due Process**
**(All Plaintiffs against All Defendants)**

178.    The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County incorporates all of its responses to Paragraphs 1 through 177 of Plaintiffs' Amended Complaint in this Paragraph 178 as though fully set forth herein.

179.    The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 179 of Plaintiffs' Amended Complaint.

180.    The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 180 of Plaintiffs' Amended Complaint.

181.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 181 of Plaintiffs' Amended Complaint.

182.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 182 of Plaintiffs' Amended Complaint.

183.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 183 of Plaintiffs' Amended Complaint.

184.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 184 of Plaintiffs' Amended Complaint.

185.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 185 of Plaintiffs' Amended Complaint.

186.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 186 of Plaintiffs' Amended Complaint.

187.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 187 of Plaintiffs' Amended Complaint.

188.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 188 of Plaintiffs' Amended Complaint.

189.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 189 of Plaintiffs' Amended Complaint.

190.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 179 of Plaintiffs' Amended Complaint.

191.     The Court dismissed Plaintiffs' Second Claim for Relief on September 27, 2022. Accordingly, no response is required.  To any extent a response is required, the County denies the allegations of Paragraph 191 of Plaintiffs' Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

The County denies that it took any action with respect to Plaintiffs' employment status with the Adams County Sheriff.  The County denies that the Plaintiffs are entitled to any of the relief sought or under any legal theory Plaintiffs allege or may seek to allege.

## GENERAL DENIAL

The County denies any and all allegations of the Plaintiffs' Amended Complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

2.      The Board of County Commissioners of the County of Adams is not a proper party Defendant to this civil action.

3.      The Board of County Commissioners of the County of Adams did not employ the Plaintiffs.

4.      The proximate cause of Plaintiffs' alleged damages, if any, may have been the acts or omissions of a third party or parties over whom the County has no control, or for whom the County is not legally responsible.

5.      All actions taken by this Defendant were reasonable as a matter of law.

6.      Plaintiffs' claims for punitive damages against the County fail as a matter of law.

7.      Plaintiffs received all process that was due.

8.      At all times pertinent herein, this Defendant exercised its legal rights in a permissible manner and its conduct complied with all common law, statutory and constitutional obligations and without any intent to cause Plaintiffs harm.

9.      Plaintiffs' alleged damages, if any, were caused by reason of Plaintiffs' acts and conduct, not the alleged conduct of the County.

10.     Some or all of the relief sought by Plaintiffs is not available under the theory or theories asserted.

11.     Any alleged misconduct or constitutional violation, if any, on the part of the County was not the proximate cause of Plaintiffs' alleged damages, injuries and losses.

12.     The actions of the County were not intentional as a matter of law.

13.     All or part of Plaintiffs' claims fail to achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. §1983 or otherwise.

14.     No claim pursuant to 42 U.S.C. §1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting the County.

15.     The County reserves the right to add such additional defenses as they become known.

WHEREFORE, Defendant Board of County Commissioners of the County of Adams respectfully requests that this Court dismiss Plaintiffs' Amended Complaint and grant such other relief as this Court deems proper, including reasonable attorney's fees and the costs related to the County's defense of this action.

Dated this 22nd day of January, 2024.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

By:     *S/ Katherine M.L. Pratt*
        Katherine M.L. Pratt
        Saugat K. Thapa
        1700 Broadway, Suite 900
        Denver, CO 80290
        Telephone: (303) 830-1212
        Email: kpratt@warllc.com
        Email: sthapa@warllc.com

        *Attorneys for Defendant The Board of County*
        *Commissioners for the County of Adams*
        *Original Signature on File at the Offices of*
        *Wells, Anderson & Race, LLC*

25

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I electronically filed the foregoing, **SUBSTITUTED ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES OF THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, which will email to the following:

Felipe Bohnet-Gomez
Iris Halpern
Siddhartha Rathod
2701 Lawrence St., Suite 100
Denver, CO 80205
fbg@rmlawyers.com
ih@rmlawyers.com
sr@rmlawyers.com

*Attorney for Plaintiffs*

Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
msink@adcogov.org

*Attorney for Defendant Sheriff Reigenborn*

Nicholas C. Poppe
Nathan Dumm & Mayer P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
npoppe@ndm-law.com

*Attorney for Defendant Gene Claps*


*S/ Kathleen Porter*
Kathleen Porter

*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*