**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01936-STV

TIMOTHY JAMES COATES,
GENE CLAPS,
MARK MITCHELL, and
KEVIN CURRIER,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF ADAMS,

    Defendant.

---

**PLAINTIFFS' TENDERED CLOSING JURY INSTRUCTIONS**

---

**Plaintiff's Tendered Instruction No. 16 – Political Loyalty Affirmative Defense**

If you find in favor of a Plaintiff on his claim that the Defendant retaliated against the Plaintiff in violation of the Plaintiff's First Amendment right to freedom of association, then you must determine if the Defendant has proven his affirmative defense as to that claim. You must consider the Defendant's affirmative defense separately as to each Plaintiff.

Defendant argues that the law permitted Mr. Reigenborn to terminate Plaintiffs due to their political association because they held positions in the Sheriff's Office that required political loyalty. You must determine whether the Defendant has proven by a preponderance of the evidence that political loyalty to Mr. Reigenborn was an appropriate requirement for the effective performance of the position the Plaintiffs held. In assessing the need for political loyalty of employees, the law requires you to ask whether political loyalty is essential to the implementation of policies of the new administration. The ultimate inquiry is not whether the label "policymaker" or "confidential" fits a particular position; rather, the question is whether the hiring authority can demonstrate that political loyalty is an appropriate requirement for the effective performance of the public office involved.

The defendant bears the burden of proof on whether political loyalty was an appropriate requirement for the effective performance of the public office involved. In determining whether political loyalty to Mr. Reigenborn was an appropriate requirement for a Plaintiff to effectively perform his job, you must consider the inherent powers of the position and the actual duties performed.

If you find that the Defendant has proven his affirmative defense by a preponderance of the evidence, then your verdict must be for the Defendant on this affirmative defense, and you should so state at the appropriate place on the Verdict Form. If, on the other hand, you find that the Defendant has not proved his affirmative defense by a preponderance of the evidence, then your verdict must be for the Plaintiff on this affirmative defense, and you should so state at the appropriate place on the Verdict Form.

**Plaintiff's Tendered Instruction No. 17 – Pretext**

Each Plaintiff claims that the Defendant's stated reasons for terminating his employment are not the true reasons, but instead are a pretext (an excuse) to cover up for unlawful retaliation.  Pretext may be inferred from circumstantial evidence.  If you do not believe one of more of the reasons that Defendant offered for terminating a Plaintiff, then you may, but are not required to, infer that unlawful retaliation for his protected First Amendment speech or political affiliation was a factor that made a difference in Mr. Reigenborn's decision. A Plaintiff need not disprove every reason stated by the Defendant to prove pretext.

A Plaintiff may show that Defendant's stated reasons for his decision are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

- Evidence that any one of the Defendant's stated reasons for the decision have changed, are false, weak, inconsistent, contradictory, or implausible;
- The reasons given for discharge were vague and entirely subjective;
- The criteria used to evaluate the Plaintiff was entirely subjective;
- Evidence that the Defendant engaged in procedural irregularities in dealing with the Plaintiff;
- Evidence that the Defendant acted suspiciously before discharging the Plaintiff, including but not limited to changing policy and diverging from historical policy, procedure, and practice;

- Evidence that Mr. Reigenborn made comments or remarks that reflect animus and/or hostility toward individuals who supported McIntosh and/or opposed the FOP
- Evidence that the Defendant discharged other individuals who supported McIntosh and/or opposed the FOP; or
- The discharge was closely related in time to the Plaintiff's protected activity.

These are only examples, and you may use your common sense to consider other evidence of pretext. It is not possible to list all possible circumstances by which you, the jury, may find Defendant's alleged reasons to be pretextual. If you find pretext, you may, but are not required to, infer that the Plaintiff's protected First Amendment speech or political affiliation was a motivating factor in Defendant's decision to discharge a Plaintiff from his employment.